**KLR INCORPORATED d/b/a
Subway Sandwiches and
Salads, Appellant,**

v.

**INDIANA UNEMPLOYMENT INSUR-
ANCE REVIEW BOARD and Jef-
frey D. Howard, Appellees.**

**No. 93A02–0605–EX–385.**

Court of Appeals of Indiana.

Dec. 7, 2006.

Casey D. Cloyd, Bradburn & Cloyd, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Julie A. Hoffman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

KLR Incorporated d/b/a Subway Sandwiches and Salads ("KLR") appeals from a decision by the Unemployment Insurance Review Board of the Indiana Department of Workforce Development ("Review Board") affirming the findings and conclusions of an Administrative Law Judge ("ALJ"), which granted Jeffrey Howard's application for unemployment benefits. KLR presents a single issue for our review, namely, whether the Review Board erred when it determined that KLR had not presented sufficient evidence to over-

come the presumption that KLR received actual notice of the ALJ hearing.

We reverse and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On March 24, 2005, the Indiana Department of Workforce Development found that Howard was not eligible for unemployment benefits. Howard appealed, and an ALJ scheduled a hearing for May 31, 2005. KLR did not appear at that hearing, and the ALJ found in favor of Howard, awarding him benefits. KLR appealed to the Review Board alleging that KLR had not received notice of the hearing on Howard's appeal to the ALJ. Following a hearing, the Review Board found that KLR had not rebutted the presumption that it had received notice of the hearing by mail and denied KLR's appeal. This appeal ensued.

## DISCUSSION AND DECISION

■ On judicial review of an unemployment compensation proceeding, we determine whether the decision of the Review Board is reasonable in light of its findings. *Browning–Ferris Indus. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 693 N.E.2d 1351, 1353 (Ind.Ct.App.1998). We are bound by the Review Board's resolution of all factual matters; thus, we neither reweigh evidence nor reassess witness credibility. *Id.* Rather, we consider only the evidence most favorable to the Board's decision and the reasonable inferences to be drawn therefrom, and if there is substantial evidence of probative value to support the Board's conclusion, it will not be set aside. *Id.* When, however, an appeal involves a question of law, we are not bound by the agency's interpretation of law, and we will reverse a decision if the Board incorrectly interprets a statute.

*Id.; Duvall v. ICI Americas, Inc.*, 621 N.E.2d 1122, 1124 (Ind.Ct.App.1993).

■ Where an administrative agency sends notice through the regular course of mail, a presumption arises that such notice is received. *Carter v. Review Bd. of the Ind. Dep't of Employment and Training Servs.*, 526 N.E.2d 717, 719 (Ind.Ct.App. 1988), *trans. denied.* However, that presumption is rebuttable. *Abdirizak v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 826 N.E.2d 148, 150 (Ind.Ct.App. 2005). As our supreme court has explained:

"[A] presumption of law is not evidence nor should it be weighed by the factfinder as though it had evidentiary value. Rather, a presumption is a rule of law enabling the party in whose favor it operates to take his case to the trier of fact without presenting evidence of the fact presumed. It serves as a challenge for proof and indicates the party from whom such proof must be forthcoming. When the opponent of the presumption has met the burden of production thus imposed, however, the office of the presumption has been performed; the presumption is of no further effect and drops from the case."

*McClain v. Chem–Lube Corp.*, 759 N.E.2d 1096, 1101 (Ind.Ct.App.2001) (quoting *Sumpter v. State*, 261 Ind. 471, 306 N.E.2d 95, 99 (1974) (citations and internal quotations omitted)), *trans. denied.*

■ Here, the Review Board held an evidentiary hearing to determine whether KLR had received actual notice of the May 31, 2005 ALJ hearing. Daniel Taylor, President of KLR, testified that the address listed on the hearing notice was accurate, and he testified further:

Q: Okay. So, do you have any explanations, if you have any, about why you did not attend the hearing on May 31, the ALJ hearing?

A: Casey, I don't other than I just never received notice and, you know, over the twenty years I've [attended ALJ hearings on KLR's behalf], I've never failed to appear in front of an administrative law judge. I've never even delayed one. I've always appeared either just myself or with witnesses that come along with me.

Q: And, so, your request is simply that not having got[ten] notice you were not able to participate because you didn't know to appear.

A: That is correct.

\* \* \*

Q: Have you had any problems with your mail?

A: No, sir, I have not.

Transcript at 5, 8.

The Review Board found and concluded as follows:

*FINDINGS OF FACT:* The Appellate Division mailed the hearing notice on May 17, 2005[,] to the Employer at 553 Fox Lane, Carmel, IN 46032. The Employer's witness confirmed that the mailing address was correct. The Employer's business address is also the witnesses' residence. The Employer's witness alleged, however, that the notice was not received. The Employer representative had no explanation as to why the hearing notice was not received.

*CONCLUSIONS OF LAW:* In *Carter v. Review Board,* 526 N.E.2d 717 (Ind.Ct.

App.1988)[,] the Court held that when a party alleges that notice of an administrative hearing was not received, that party must have an opportunity to present evidence on the issue of proper notice. The Court in Carter held that while there is a presumption that notice, if mailed, was received by the party, that presumption is rebuttable by competent evidence. The Review Board has consistently held that the mere allegation of non-receipt does not suffice to rebut the presumption.

The hearing notice was correctly addressed and *the Employer's evidence is insufficient to overcome the presumption that it was received.* The Employer has not shown good cause for failing to attend the Administrative Law Judge hearing.

Appellant's App. at 3 (emphasis added).

On appeal, KLR contends that the Review Board gave "too much emphasis" to the presumption that KLR received the hearing notice.[1] Brief of Appellant at 6. KLR asserts that "[d]irect testimony such as Dan Taylor's on behalf of KLR that no notice was received in this case was enough to overcome the presumption. If it was not, this presumption is practically non-rebuttable." Brief of Appellant at 7. As we pointed out in *Scott v. Review Board of Indiana,* 725 N.E.2d 993, 997 n. 2 (Ind.Ct.App.2000), "[i]n most cases, it will be difficult to overcome the presumption that a notice of hearing properly addressed and mailed was received. As a

---

1. KLR asserts that the Review Board followed an "internal rule" not supported by statutory or case law, namely, that "the mere allegation of non-receipt does not suffice to rebut the presumption [that a notice mailed was received]." Brief of Appellant at 7; Appellant's App. at 3. If the Review Board were to have such an "internal rule," that would be improper. The Review Board is charged with considering the particularized evidence in each case. If it were to rule systematically against every party who denies receipt of a hearing notice and cannot produce any additional evidence to support that allegation, such a practice would deprive parties of their right to due process. Here, Taylor testified that in his twenty years of attending hearings in front of ALJs, he has never failed to appear or delayed a proceeding. That evidence warrants fair consideration by the Review Board.

practical matter, it is difficult to prove a negative, i.e., that notice was not received in this case."

We agree that KLR presented evidence sufficient to rebut the presumption. *See, e.g., State ex. rel. Flores v. State,* 183 Wis.2d 587, 516 N.W.2d 362, 370 (1994) ("If the defendant denies receipt of the mailing, the presumption is spent[.]"). Again, a presumption is not evidence and should not be considered as such by the factfinder. *See McClain,* 759 N.E.2d at 1101. Once KLR presented evidence of non-receipt, the presumption was "of no further effect" and "drop[ped] from the case." *See id.* With the presumption gone, the Review Board was left to determine a question of fact on the issue of whether KLR received notice of the ALJ hearing. *See State ex. rel. Flores,* 516 N.W.2d at 370 ("If the defendant denies receipt of the mailing, . . . a question of fact is raised.").

But the Review Board's decision does not address the receipt of notice issue as a question of fact. Instead, the Board states in its "conclusion of law" that "the Employer's evidence is insufficient to overcome the presumption that [the notice] was received." Appellant's App. at 3. We hold that it was error for the Review Board to conclude as a matter of law that KLR failed to overcome the presumption of receipt. Accordingly, we remand and instruct the Review Board to consider the evidence presented at the April 11, 2005 hearing and to rule on the receipt of notice issue as a question of fact, keeping in mind that a presumption is not evidence.

Reversed and remanded with instructions.

DARDEN, J., and FRIEDLANDER, J., concur.