Margaret **RITCHESON–DICK**,
Appellant–Claimant,

v.

**UNEMPLOYMENT INSURANCE REVIEW BOARD, Indiana Department of Workforce Development, Steven F. Bier and George H. Baker, as Members of the Review Board and Deutsche Post Global Mail, Ltd., Appellees.**

No. 93A02–0706–EX–00471.

Court of Appeals of Indiana.

Feb. 19, 2008.

Peter R. Foley, Foley Foley & Peden, Martinsville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Margaret Ritcheson–Dick ("Margaret") appeals the Review Board of the Indiana Department of Workforce Development's ("Review Board") dismissal of her appeal. Concluding that the Review Board abused its discretion by not hearing Margaret's additional evidence on the issue of whether she timely appealed the decision suspending her unemployment insurance benefits, we reverse and remand for further proceedings.[1]

### Facts and Procedural History

Margaret was employed at Deutsche Post Global Mail, LTD but left in March 2006 to care for her sick mother-in-law. In September 2006 Margaret applied for and was granted unemployment insurance benefits from the Indiana Department of Workforce Development ("IDWD"). On March 12, 2007, an IDWD deputy issued a "Determination of Eligibility * *Corrected Determination* * " concluding that be-

cause Margaret was on a leave of absence to care for a sick relative, she "was not able, available and actively seeking full-time work during the week ending 09/30/06. In accordance with IC–22–4–14–3, benefits are suspended when this occurs." Appellant's App. p. 8. Accordingly, Margaret's benefits were "suspended effective week ending 09/30/06." *Id.* (capitalization omitted). The Determination of Eligibility contains the following advisement on the bottom of the page:

> Right of Appeal: This determination will become final on 03/22/07 if not appealed. Either party may appeal this determination and request a hearing before an administrative law judge within ten days [2] of the date this determination was mailed or otherwise delivered. Please see reverse side for appeal procedure.

*Id.* (capitalization omitted). Specifically, the reverse side of the Determination of Eligibility is labeled "Notice of Appeal" and contains detailed instructions as well as a section for the appealing party to fill out, including the party's signature, date, telephone number, city and state where employment took place, and reasons why the party disagrees with the deputy's determination and requests a hearing before an Administrative Law Judge. *Id.* at 9.

According to Margaret, she filled out the Notice of Appeal and faxed it to the IDWD on March 14, 2007. Margaret did not receive a confirmation for this fax. On April 4, 2007, Margaret received a notice from the IDWD to start repaying her benefits. In response to this notice, Margaret

---

1. We hereby deny the Review Board's October 31, 2007, motion to strike certain portions of Margaret's brief because those portions contain facts that are indeed part of the record. We hereby grant Margaret's November 8, 2007, motion to strike certain portions of the Review Board's brief as those portions refer to matters not in the record.

2. According to Indiana Code §§ 22–4–17–2(e) and 22–4–17–14(c), when a determination is served through the United States mail, which occurred here, a party has thirteen days to appeal.

immediately called the IDWD to inquire about the status of her appeal. She spoke with three individuals, "none of [whom] had seen [her] faxed information." *Id.* at 14. One of the individuals told Margaret that she would make a note that Margaret was sending an appeal. The next day, April 5, 2007—which was past the deadline to appeal—Margaret re-faxed the Notice of Appeal to the IDWD. The Notice of Appeal is dated March 14, 2007. However, it does not contain any information, including details from Margaret's phone call to the IDWD on the previous day, concerning her claim that she had originally faxed the Notice of Appeal to the IDWD on March 14, 2007, which was well within the deadline to appeal.

On April 9, 2007, the Administrative Law Judge ("ALJ") dismissed Margaret's appeal for lack of jurisdiction. Specifically, the ALJ found:

> On Thursday, April 05, 2007, the Claimant (appealing party) attempted to file an appeal of a Determination of Eligibility issued by IDWD on Monday, March 12, 2007. It is apparent from the face of the Determination/Appeal that the appeal was not filed within the statutory thirteen (13) day time period for timely appeal.

*Id.* at 11.

On April 11, 2007, Margaret appealed the ALJ's decision to the Review Board. Unlike her submission to the ALJ, Margaret's submission to the Review Board includes an explanation that she had originally faxed the Notice of Appeal on March 14, 2007, but re-faxed it on April 5, 2007, after speaking with some IDWD employees. Margaret did not file a formal motion to submit additional evidence to the Review Board. On May 9, 2007, the Review Board issued the following decision, "After examining the record, the Review Board adopts and incorporates by reference the findings of fact and conclusion of law of the Administrative Law Judge and affirms the Administrative Law Judge's decision . . . ." *Id.* at 2. The Review Board did not hold a hearing and did not accept additional evidence. *Id.* Margaret now appeals.

**Discussion and Decision**

█ Margaret raises several issues on appeal, one of which we find dispositive: whether the Review Board erred by failing to hear Margaret's additional evidence concerning her claim that she had originally faxed the Notice of Appeal to the IDWD within the statutory deadline. This issue is governed by 646 I.A.C. 3–12–8(b), which provides, in pertinent part:

> Each hearing before the review board shall be confined to the evidence submitted before the administrative law judge unless it is an original hearing. *Provided, however, the review board may hear or procure additional evidence upon its own motion, or upon written application of either party, and for good cause shown, together with a showing of good reason why such additional evidence was not procured and introduced at the hearing before the administrative law judge.*

(Emphasis added). The admission of additional evidence is within the Review Board's discretion. *Willett v. Review Bd. of Ind. Dep't of Employment and Training Servs.*, 632 N.E.2d 736, 741 (Ind.Ct. App.1994), *trans. denied.*

█ We first note that, as the Review Board points out in its brief, Margaret "did not file a distinct motion to submit additional evidence to the Review Board." Appellee's Br. p. 12. However, as this Court has previously held, neither the Indiana Code nor the Indiana Administrative Code requires a party to file a formal motion to submit additional evidence to the Review Board. *See Carter v. Review Bd. of Ind. Dep't of Employment and Training Servs.*, 526 N.E.2d 717, 719 (Ind.Ct. App.1988) (concluding that Carter's failure

to use the proper form to submit additional evidence to the Review Board "is of no consequence" because use of the form "is not prescribed by statute or administrative regulation"), *trans denied.* Therefore, Margaret's failure to file a formal motion to submit additional evidence is not dispositive. The typed letter included with her appeal is sufficient.

When appealing the ALJ's decision to the Review Board, Margaret included a typed letter explaining that she had originally faxed the Notice of Appeal to the IDWD on March 14, 2007, but re-faxed it on April 5, 2007, after speaking with three IDWD employees, all of whom she was able to name. Specifically, the employees told Margaret that they had not seen the Notice of Appeal, and one employee advised Margaret that she would make a note that Margaret was sending an appeal. In fact, the Notice of Appeal, faxed April 5, 2007, is dated March 14, 2007. Based on these facts, we conclude that Margaret has established both good cause and good reason why the evidence concerning the allegedly lost fax was not presented before the ALJ. Having spoken with three employees from the IDWD, one of whom said that she would make a note, Margaret reasonably assumed that her appeal would be considered timely and therefore she did not need to make a case before the ALJ. Accordingly, the Review Board abused its discretion in not hearing Margaret's additional evidence. We therefore reverse and remand for a determination of whether Margaret timely appealed the deputy's decision suspending her benefits.

Reversed and remanded.

SHARPNACK, J., and BARNES, J., concur.