Starr Scott AMICO, Appellant,

v.

REVIEW BOARD OF the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and HRC Hotels LLC, Appellees.

No. 93A02–0907–EX–607.

Court of Appeals of Indiana.

Nov. 19, 2009.

Publication Ordered Jan. 27, 2010.

Craig M. Blanchet, Delaney & Delaney LLC, Indianapolis, IN, Attorney For Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Stephanie L. Rothenberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee Review Board.

## OPINION

CRONE, Judge.

### Case Summary and Issue

Starr Scott Amico ("Scott")[1] appeals the decision of the Unemployment Insurance Review Board ("Review Board") of the Indiana Department of Workforce Development ("DWD") dismissing her appeal from the determination of eligibility issued by the DWD. The sole issue presented for our review is whether the Review Board properly affirmed the decision of an administrative law judge ("ALJ") dismissing Scott's appeal as untimely. We affirm.

### Facts and Procedural History

The relevant facts most favorable to the Review Board's decision indicate that Scott's employer, HRC Hotels LLC ("HRC"), dismissed Scott from her employment and, as a result, Scott made a claim for unemployment benefits. On March 20, 2009, the DWD issued its deter-

---

1. Although it appears that the appellant's last name has changed to Amico, we will refer to the appellant as Scott.

mination of eligibility. The DWD concluded that Scott was terminated by HRC for just cause and, thus, denied unemployment benefits to Scott. In a handwritten letter dated March 23, 2009, but fax marked April 24, 2009, and stamped as received by the DWD on April 24, 2009, Scott attempted to appeal the DWD's determination of eligibility to an ALJ. On April 28, 2009, the ALJ dismissed Scott's appeal for lack of jurisdiction, concluding that it was untimely filed because it was not filed within thirteen days after the date of the mailing of the DWD's determination of eligibility as provided by statute. Scott appealed the ALJ's dismissal to the Review Board. The Review Board did not hold a hearing or accept additional evidence. On June 5, 2009, the Review Board adopted the ALJ's findings of fact and conclusions of law and affirmed the ALJ's dismissal of Scott's case. This expedited appeal followed.

### Discussion and Decision

■ The Indiana Unemployment Compensation Act provides that any decision of the Review Board shall be conclusive and binding as to all questions of fact. Ind. Code § 22–4–17–12(a). A Review Board decision may, however, be challenged as contrary to law, "in which case the reviewing court examines the sufficiency of the facts found to sustain the decision and the sufficiency of the evidence to sustain the findings of fact." *Quakenbush v. Review Bd. of Ind. Dep't of Workforce Dev.*, 891 N.E.2d 1051, 1053 (Ind.Ct.App.2008) (citing Ind.Code § 22–4–17–12(f)). Thus, we review determinations of specific or basic underlying facts, conclusions or inferences drawn from the facts, and legal conclusions. *McClain v. Review Bd. of Ind. Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1317 (Ind.1998).

■ On appeal of an unemployment compensation proceeding, we determine whether the decision of the Review Board is reasonable in light of its findings. *KLR Inc. v. Ind. Unemployment Ins. Review Bd.*, 858 N.E.2d 115, 117 (Ind.Ct.App. 2006). Because we are bound by the Review Board's resolution of all factual matters, we neither reweigh evidence nor reassess witness credibility. *Id.* We consider only the evidence most favorable to the Board's decision and the reasonable inferences to be drawn therefrom. *Id.* Thus, the Review Board's decision will not be set aside if there is substantial evidence of probative value to support the conclusion. *Id.*

■ The issue in this case revolves around the timeliness of Scott's notice of appeal. It is well settled that when a statute contains a requirement that an appeal or notice of intention to appeal shall be filed within a certain time, strict compliance with the requirement is a condition precedent to the acquiring of jurisdiction, and non-compliance with the requirement results in dismissal of the appeal. *Quakenbush*, 891 N.E.2d at 1053 (citing *Szymanski v. Review Bd. of Dep't of Workforce Dev.*, 656 N.E.2d 290, 293 (Ind.Ct. App.1995)). Here, the DWD determined that Scott was not entitled to unemployment insurance benefits and mailed that determination on March 20, 2009. Indiana Code Section 22–4–17–2(a) provides in pertinent part:

> Unless the individual, within ten (10) days after such determination was mailed to the individual's last known address, or otherwise delivered to the individual, asks a hearing thereon before an administrative law judge, such determination shall be final and benefits shall be paid or denied in accordance therewith.

If a notice is served through the United States mail, three days must be added to a period that commences upon service of that notice. Ind.Code § 22–4–17–14(c). Thus, Scott had thirteen days from the

DWD's determination within which to request a hearing before an ALJ.

■ The ALJ concluded that Scott attempted to file her appeal of the DWD's determination on April 24, 2009, and, therefore, her appeal was not filed within the statutory thirteen-day period for an appeal. Scott maintains that there is an evidentiary dispute as to the timeliness of her appeal because, despite the fact that her letter is both fax stamped April 24, 2009, and stamped received by the DWD on April 24, 2009, a handwritten date of March 23, 2009, appears on her letter. Thus, she contends, we must remand to the Review Board for an evidentiary hearing as to the timeliness of her notice of appeal.

In support of her argument for remand, Scott relies upon our decision in *Ritcheson–Dick v. Unemployment Ins. Review Bd.*, 881 N.E.2d 54, 55 (Ind.Ct.App.2008). In *Ritcheson–Dick*, a former employee was denied a hearing regarding an adverse determination of eligibility before both the ALJ and the Review Board on the grounds that her notice of appeal to the ALJ was untimely. This Court concluded that the Review Board abused its discretion when it failed to hear evidence as to the timeliness of the notice of appeal, and we remanded for an evidentiary hearing. However, in *Ritcheson–Dick*, unlike in the instant case, there was ample evidence in the record to indicate that additional evidence should be considered by the Review Board regarding the timeliness of the appeal.[2] Indeed, when appealing the ALJ's decision to the Review Board, the employ-

ee included a typed letter explaining the circumstances surrounding her attempt to file a timely appeal. She explained that she had originally faxed her notice of appeal in a timely fashion and then re-faxed her notice after calling the DWD and speaking with three DWD employees, none of whom could recall receiving her first notice. She further explained to the Review Board that it was only after she was advised by one of the DWD employees that a note would be made in her file that she was sending an appeal that she re-faxed her notice. Under those circumstances, we concluded that the Review Board abused its discretion when it merely affirmed the ALJ's dismissal and failed to hear evidence as to the timeliness of the claimant's notice of appeal. *Id.* at 57. Therefore, we remanded to the Review Board for a hearing to determine whether the original notice of appeal was timely filed. *Id.*

To the contrary, Scott's submission to the Review Board requesting an appeal from the ALJ's dismissal includes no mention as to the timeliness of her original notice of appeal. Instead, Scott's submission to the Review Board requests a hearing to present evidence on the substance of whether her termination was for just cause. Nowhere in the submission to the Review Board does Scott's counsel argue that Scott's appeal to the ALJ was timely filed or that she desired to present additional evidence to establish the timeliness of that appeal. Appellee Review Bd.App. at 1–2.[3] She makes no explanation as to

2. In *Ritcheson–Dick*, we relied on 646 Indiana Administrative Code 3–12–8(b) which provides that while generally hearings before the Review Board are confined to the evidence submitted before the ALJ, the Review Board may hear additional evidence for good cause and upon a showing of good reason why such

additional evidence was not introduced before the ALJ. *Ritcheson–Dick*, 881 N.E.2d at 56.

3. We note that Scott also failed to timely file her appeal from the ALJ's dismissal to the Review Board. Nevertheless, the Review Board excused the late filing based upon counsel's explanations in Scott's written submission to the Review Board. Indeed, Scott's

why the handwritten date on her letter is different than both the fax transmission date and the stamped received date. Indeed, as noted by the Review Board, it was not until her appeal to this Court that Scott asserted that her notice of appeal was mailed on March 23, 2009, and then later faxed on April 24, 2009.

We disagree with Scott that the mere existence of a different handwritten date on her letter created an evidentiary dispute as to the timeliness of her appeal requiring reversal in this case. The record supports the ALJ's conclusion that Scott's notice of appeal was filed on April 24, 2009, the date it was both faxed to and received by the DWD. We cannot say that the Review Board abused its discretion when it adopted the ALJ's findings of fact and conclusions of laws of law and affirmed the dismissal of Scott's appeal as untimely.

Affirmed.

MAY, J., and BROWN, J., concur.

### ORDER

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. Appellee Review Board's motion to publish is Granted, and this Court's opinion handed down in this cause in November 19, 2009, marked Memorandum Decision, Not for Publication, is now ORDERED PUBLISHED.

---

submission to the Review Board focused primarily on her reasons for the untimely appeal to the Review Board but neglected to address the timeliness of her appeal to the ALJ or the ALJ's dismissal of that appeal.