# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**MICHAEL D. HEAD**
Katz & Korin, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KRISTIN GARN**
Deputy Attorney General
Indianapolis, Indiana



# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BALDEV R. SAINI, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1308-EX-723 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT and INTEGRITY STAFFING | ) | |
| SOLUTIONS I, | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE DEPARMENT OF WORKFORCE
DEVELOPMENT
Steven F. Bier, Chairperson
Cause No. 13-R-2558

February 14, 2014

**OPINION - FOR PUBLICATION**

**FRIEDLANDER, Judge**

Baldev R. Saini applied for unemployment benefits after voluntarily terminating his employment with Integrity Staffing Solutions (Integrity). A claims deputy in the local office of the Indiana Department of Workforce Development determined that Saini voluntarily left his employment for good cause and therefore was eligible for unemployment benefits. Integrity appealed the deputy's decision to the Unemployment Insurance Appeals Division. Following a telephonic hearing before an administrative law judge (ALJ), the ALJ reversed the determination of eligibility upon the conclusion that Saini did not voluntarily leave his employment with Integrity for good cause in connection with the work. The ALJ's decision was appealed to the Review Board of the Indiana Department of Workforce Development (the Review Board), which affirmed the ALJ's decision. Saini appeals the Review Board's determination, presenting the following restated issues for review:

1.   Did the Review Board err in affirming the ALJ's decision without conducting a hearing to determine whether Saini received adequate notice of the telephonic hearing?

2.   Was Saini denied due process in that he was not given an opportunity to appeal billing notices sent to him advising him that he had been overpaid unemployment compensation for which he must provide reimbursement?

We affirm.

The brief underlying facts, as found by the ALJ and adopted by the Review Board, are as follows:

Employer is a temporary staffing agency. Claimant worked for Employer's client, Amazon.com, on April 10, 2013. Claimant was hired to work as a Warehouse Associate earning $11.50 per hour. On April 10, 2013, Claimant called Employer's resignation phone line and resigned from the position for

2

family problems. Therefore, Claimant voluntarily left employment on April 10, 2013. Claimant did not participate in the hearing.

*Appellant's Appendix* at 7.

The critical facts, however, pertain to the question of whether Saini received notice of the telephonic hearing before the ALJ. Those facts are that Integrity appealed a claims deputy's determination in Saini's favor. Integrity's appeal was set for a telephonic hearing before an ALJ on June 27, 2013. A Notice of Hearing form was completed and mailed to Saini at the address for him on file with the Department of Workforce Development. On this form, Saini was instructed to provide a telephone number on an enclosed form (the Acknowledgment Sheet) to enable him to participate in the telephonic hearing. Saini failed to provide a telephone number and subsequently did not participate in the hearing. The hearing was held on June 27, after which the ALJ reversed, explaining:

> The evidence shows that [Saini] voluntarily left employment with this Employer, making [Saini] the party with the burden of proof. [Saini] did not appear at the hearing to present evidence. As a result, there is no substantial evidence of record from the party with the burden of proof to show the separation was for good cause in connection with the work.

*Id.* at 8.

Also on June 27, 2013, the Department of Workforce Development issued a Notice of Potential Overpayment of $2730 in unemployment benefits to Saini. The notice indicated that the potential overpayment covered the benefit weeks from April 13, 2013 through June 1, 2013. The notice stated, "This is a notice, not a bill, and cannot be appealed." *Id.* at 14. He received similar notices on July 8 and 10. The July 8 notice indicated that Saini had been overpaid by $7410 for the benefit weeks spanning December 1, 2012 through April 6, 2013.

3

The July 10 notice indicated he had been overpaid by $696, pertaining to the benefit weeks June 8 and 15, 2013. All of the notices indicated that the reason for potential overpayment was: "A DENY DECISION CAUSED THE OVERPAYMENT. HIGHER LEVEL APPEAL REVERSAL DECISION." *Id.* at 14-16.

Saini appealed the ALJ's decision to the Review Board. In a cover letter accompanying his appeal, Saini indicated he had not received paperwork in the mail regarding the appeal hearing before the ALJ. Instead, he claimed, he received only a letter informing him that he "might be getting a phone call" at 8:00 a.m. on June 27. *Id.* at 10. On July 11, Saini sent an email to the Review Board further explaining the underlying facts. In that email, Saini stated:

> I Baldev Raj Saini want to give you more information about this CASE. Reason for my appeal is that when i to the job with INTEGRITY STAFFING I was told that my job will pay $12.50 an hour and it's full-time job. But when i got to work i found out that it's part time job and my payee is 11.50 per hour. So that very second i spoke to my supervisor about this issue he said if i worked nights at the pay is 12.50 But it will still be a part time job. I told him that i was told something different By INTEGRITY STAFFING. He said i need to take this up with INTEGRITY STAFFING so i spoke to there service Representative told him what was going on i told him that if my pay is gonna be 11.50 an hour and a part time job this is not going to work. He asked me to finish my one day work and think about it for a while. So i told him i will stay for today. I was told by WORK ONE STAFF that i have to take a job that pays least 80 percent compare to my last pay rate on my last job i was earning $18.10 per hour so i have to take the job that pays $14.48 cents per hour BUT i was willing to work for $12.50 an hour and a full time job. IF i knew from the begging that it's not a full job and the pay is 11.50 an hour i would have said no right there because my weekly unemployment check was close to 400.00 dollars. I could have just kept looking for a job that pays more than11.50 an hour. Only reason a chose to work with INTEGRITY STAFFING because they told me it's full time job and its 12.50 an hour i have never worked with any staffing agency in my life you can check my work history i know understood that when you work with any staffing agency it's allways a part

4

time job. It's honest mistake on my and since I have never work with staffing agency i had no clue about how things work.

*Id.* at 12 (transcribed verbatim as written).

On July 25, 2013, the Review Board affirmed the decision of the ALJ, adopting and incorporating by reference the ALJ's findings of fact and conclusions of law. The Review Board further indicated that it did not admit, nor by inference consider, the foregoing email. Additionally, the Review Board stated in its decision:

> On appeal, the Claimant alleged that he received notice of the Administrative Law Judge hearing but did not receive an Acknowledgment Sheet to submit a telephone number for hearing. All hearing notices mailed by the Appellate Division include the following enclosures: the U.I. Appeals Hearing Instructions Sheet, an Acknowledgment Sheet, and a self-addressed envelope. If the Claimant received notice of the hearing, he also received the enclosures. However, even if the Claimant did not receive an Acknowledgment Sheet as alleged, the hearing notice and hearing instructions inform the parties that they must provide a telephone number in order to participate in the hearing. Because the Claimant received the hearing notice, the Claimant knew – or should have known – that he needed to submit a telephone number in order to participate in the hearing. The Administrative Law Judge did not contact the Claimant for the hearing because the Claimant did not submit a telephone number to participate.

*Id.* at 2.

## 1.

Saini challenges a decision of the Review Board. The Review Board reviews ALJ decisions for errors of fact, law, or procedure based on the record before the ALJ. Ind. Code Ann.§ 22–4–17–5(e) (West, Westlaw current through 2013 First Regular Sess. and First Regular Technical Sess.). The Review Board may "affirm, modify, set aside, remand, or reverse the findings, conclusions, or orders of an administrative law judge." *Id.* Under

5

Indiana's Unemployment Compensation Act (the Act), "[a]ny decision of the review board shall be conclusive and binding as to all questions of fact." I.C. § 22–4–17–12(a) (West, Westlaw current through 2013 First Regular Session and First Regular Technical Session). Review Board decisions may, however, be challenged as contrary to law, in which case a court on review is limited to a two-part inquiry into: (1) the sufficiency of the facts found to sustain the decision; and (2) the sufficiency of the evidence to sustain the findings of facts. I.C. § 22–4–17–12(f). Under this standard, courts are called upon to review (1) determinations of specific or "basic" underlying facts, (2) conclusions or inferences from those facts, sometimes called "ultimate facts," and (3) conclusions thereon. *McClain v. Review Bd. of Ind. Dep't of Workforce Dev.,* 693 N.E.2d 1314, 1317 (Ind. 1998).

The Review Board's findings of basic fact are subject to a "substantial evidence" standard of review. *Id.* In this analysis the appellate court neither reweighs the evidence nor assesses the credibility of witnesses and considers only the evidence most favorable to the Review Board's findings. *McClain v. Review Bd. of Ind. Dep't of Workforce Dev.,* 693 N.E.2d 1314. The Review Board's conclusions as to ultimate facts involve an inference or deduction based on the findings of basic fact. *Id.* As such, they are typically reviewed to ensure that the Review Board's inference is "reasonable" or "reasonable in light of [the Review Board's] findings." *Id.* at 1318. We are not bound by the Review Board's conclusions of law, though "[a]n interpretation of a statute by an administrative agency charged with the duty of enforcing the statute is entitled to great weight, unless this interpretation would be inconsistent with the statute itself." *Chrysler Grp., LLC v. Review*

6

*Bd. of Ind. Dep't of Workforce Dev.,* 960 N.E.2d 118 (Ind. 2012).

2.

Saini's first allegation of error is that the Review Board erred in affirming the ALJ's decision without conducting a hearing to determine whether he received adequate notice of the telephonic hearing. According to Saini, this conclusion is compelled by *Carter v. Review Bd. of Ind. Dep't of Emp't & Training Servs.*, 526 N.E.2d 717 (Ind. Ct. App. 1988). In that case, Carter appealed an unfavorable decision by a claims deputy on grounds that he never received notice about an evidentiary hearing before an appeals referee, which he therefore failed to attend. The Review Board affirmed the appeals referee's decision, rejecting Carter's claim that he did not receive notice of the hearing.

Upon appeal, this court reversed the Review Board's determination. The court determined that it was undisputed that notice was mailed to Carter, but it was not established that he actually received it. Noting that where an administrative agency sends notice through the regular course of mail, a presumption arises that the notice was received, the court nevertheless held that the party against whom it operates must have an opportunity to rebut it: "Carter has had no opportunity to present evidence on the issue of notice throughout this litigation and this lack of opportunity to be heard constitutes a deprivation of due process in the present case." *Id.* at 719. The court remanded the matter to the Review Board with instructions to conduct a hearing at which Carter could present evidence on the question of whether he received notice of the hearing before the appeals referee.

*Carter* is superficially similar to the present case in some respects, but there are

7

differences. There was no evidence before the Review Board in *Carter* that Carter actually received the information that was sent to him. He did not have an opportunity to present. Among other things, we note that neither the notice sent to Carter nor that sent to his employer was returned to the sender. The record in the present case, on the other hand, is not entirely devoid of evidence that Saini received notice of the telephonic hearing before the ALJ. In fact, as we will discuss more thoroughly below, Saini presented his evidence on that question and that the Review Board entered a finding based upon that evidence. Therefore, what remains is to determine whether the evidence supports the Review Board's findings.

The Indiana Employment Security Act (the Act), Ind. Code Ann. § 22-4-17-1 *et seq* (West, Westlaw current through 2013 First Regular Sess. and First Regular Technical Sess.), provides that where a claim for unemployment benefits is disputed, the parties are to be afforded "a reasonable opportunity for fair hearing." I.C. §22-4-17-3(West, Westlaw current through 2013 First Regular Sess. and First Regular Technical Sess.). "[A] reasonable opportunity for fair hearing" must include reasonable notice, which in turn requires the receipt of actual, timely notice. *Scott v. Review Bd. of Ind. Dep't of Workforce Dev.*, 725 N.E.2d 993, 996 (Ind. Ct. App. 2000). Where, as here, an administrative agency sends notice through the regular course of mail, a presumption arises that the notice was received. *Scott v. Review Bd. of Ind. Dep't of Workforce Dev.*, 725 N.E.2d 993. The question in the present case is, in view of this presumption, has Saini presented sufficient evidence to prove that notice was not received?

In *Value World Inc. of Ind. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 927 N.E.2d

8

945 (Ind. Ct. App. 2010), this court observed that a presumption of law is not evidence and should not be weighed as if it has evidentiary value. Having said that, the court noted that both parties in that dispute were saddled with the difficulty of proving a negative. *See id*. at 949 ("C.C and Workforce Development would face a similar difficulty if either was required to disprove Value World's claim that it did not receive notice. [The difficulty of proving a negative] is likely one of two reasons justifying the presumption; the other being the reliability of mail delivery"). This court went on to describe the proper approach when confronted with this question:

> While the presumption of receipt is not conclusive, neither is the statement by an interested party of non-receipt. [] It is then for the trier of fact to determine from all the evidence and reasonable inferences to be drawn therefrom what occurred. The court, sitting as trier fact, concluded after hearing all the evidence in the case that the letter was received by Sebasty. We cannot say that the evidence leads solely to the opposite conclusion.

*Id.* Finally, the court noted that the Review Board errs when it treats this question as one of law, versus one of fact. In cases where the Review Board treats the receipt of notice as a question of law, then the matter must be remanded to the Review Board with instructions to treat it as a question of fact. *See, e.g.,KLR Inc. v. Ind. Unemployment Ins. Review Bd.*, 858 N.E.2d 115 (Ind. Ct. App. 2006). On the other hand, where the Review Board makes its determination as a finding fact, we review that determination as a challenge to the sufficiency of evidence. *See, e.g., Value World Inc. of Ind. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 927 N.E.2d 945.

In the present case, Saini submitted a cover letter along with the other materials that are required in an appeal to the Review Board. In that cover letter, Saini acknowledged

9

receiving what clearly must have been the Notice of Hearing pertaining to the June 27, 2013 telephonic hearing. Of course, Saini denies having received the accompanying Acknowledgment Sheet, which was the means by which he was supposed to have provided his phone number to the ALJ for purposes of participating in that telephonic hearing. As the Review Board noted, however, even assuming that the Acknowledgment Sheet was not included, the form that Saini acknowledged receiving advised him that he would "receive a call from the Judge at the number you provided on the Acknowledgment Sheet[.]" *Appellant's Appendix* at 6. The form also informed Saini that, "[t]o participate in this hearing, you **MUST** deliver the enclosed **Acknowledgment Sheet** to the Appeals office by mail, fax, or in person." *Id.* (emphasis in original). Finally, he was given a phone number to call in order to contact the Appeals office if he had any questions.

Considering this evidence, the Review Board concluded that, regardless of whether Saini received the Acknowledgment Sheet, via the Notice of Hearing form that Saini admitted having received, he knew or should have known that he was required to provide a telephone number in order to secure his participation in the hearing. Thus, the Review Board resolved this issue as a question of fact, and determined that Saini failed to sustain his burden of proving that he did not receive adequate notification of the hearing. There was sufficient evidence to support this decision.

Moreover, we conclude that due process was satisfied because Saini was able to present the relevant evidence on this question to the Review Board by means of the cover letter sent with the notice of his appeal. We cannot imagine what evidence Saini could

10

present at a hearing that would have any effect on the Review Board's decision. Indeed, Saini would have to present evidence that flatly contradicts the dispositive evidence he has already offered, i.e., that he received the Notice of Hearing form. Therefore, it would serve no purpose to remand this case for an evidentiary hearing on this matter when the outcome is foreordained.

3.

Saini contends he was denied due process because he was not given an opportunity to appeal billing notices sent to him advising him that the State had overpaid unemployment compensation for which he must provide reimbursement. The Review Board correctly responds that this determination is outside the scope of the Review Board's decision, and therefore not properly before this court. In any event, it appears that the error of which Saini complains has been corrected, or soon will be. We note in this regard the following comment in the Review Board's brief:

> It appears that there was an administrative error in entering the ALJ's decision in the Department's database, which caused one of the overpayment notices … issued to Mr. Saini to be generated in error. Based upon a conversation the undersigned counsel for the Appellee had with a staff attorney for the Review Board on November 14, 2013, the Department is taking steps to correct that error, and Mr. Saini soon should receive notice from the Department that $7410 of the overpayment attributable to him has been eliminated.

*Appellee's Brief* at 16 n.7.

Judgment affirmed.

KIRSCH, J., and BAILEY, J., concur.