**Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**JAMES C. TUCKER**
**MARILYN TUCKER FULLEN**
Tucker and Tucker, P.C.
Paoli, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ORANGE COUNTY, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1403-EX-144 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT and DANIEL HARRIS, | ) | |
| | ) | |
| Appellees-Respondents. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE
INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT
Case No. 14-R-00193

**August 26, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Orange County appeals a determination by the Review Board of the Department of Workforce Development (the Department) that the County's appeal to the Review Board was not timely filed. We affirm.

## FACTS AND PROCEDURAL HISTORY

Daniel Harris worked for Orange County. An Administrative Law Judge (ALJ) for the Department determined Harris was eligible for unemployment benefits because he was discharged from his employment without just cause. The decision was mailed on October 31, 2013, and Orange County did not appeal the decision until January 24, 2014.

The Review Board heard evidence the ALJ's decision was mailed to the correct address and that Orange County had in the past received mailings from the Department at that address. A witness for the County testified Harris' decision was received January 13, 2014. Mail from the Department is sent to the county auditor, and that office has been at its current address for several years. All mail from the Department is given to the auditor. The auditor testified the deputy auditor handed her the document on January 13. But the auditor also testified that "when I received this notice," (Tr. at 7), "[I] asked our attorney if there had been a decision and I wanted a copy of it." (*Id*.) She also called and left a message with the Department asking for a copy of the decision, but her call was not returned. The deputy auditor testified the envelope in which the decision was mailed did not appear to be damaged in any way. She did not recall whether she looked at the postmark.

The Review Board determined the County had "failed to provide credible or persuasive evidence to establish that the Administrative Law Judge's decision was delayed

2

by more than two months," (App. at 25), so the County had not shown good cause for its untimely appeal. It dismissed the appeal.

## DISCUSSION AND DECISION

Orange County challenges a decision of the Review Board. The Review Board reviews ALJ decisions for errors of fact, law, or procedure based on the record before the ALJ. Ind. Code § 22-4-17-5(e). The Review Board may "affirm, modify, set aside, remand, or reverse the findings, conclusions, or orders of an administrative law judge." *Id.* Under Indiana's Unemployment Compensation Act (the Act), "[a]ny decision of the review board shall be conclusive and binding as to all questions of fact." Ind. Code § 22-4-17-12(a). Review Board decisions may, however, be challenged as contrary to law, in which case we are limited to a two-part inquiry into: (1) the sufficiency of the facts found to sustain the decision; and (2) the sufficiency of the evidence to sustain the findings of facts. Ind. Code § 22-4-17-12(f). Under this standard, we review (1) determinations of specific or "basic" underlying facts, (2) conclusions or inferences from those facts, sometimes called "ultimate facts," and (3) conclusions thereon. *Saini v. Review Bd. of Ind. Dep't of Workforce Dev.*, 5 N.E.3d 768, 772 (Ind. Ct. App. 2014).

The Review Board's findings of basic fact are subject to a "substantial evidence" standard of review. *Id.* We do not reweigh evidence or assess the credibility of witnesses, and we consider only the evidence most favorable to the Review Board's findings. *Id.* The Review Board's conclusions as to ultimate facts involve an inference or deduction based on the findings of basic fact. *Id.* As such, they are typically reviewed to ensure that the Review

3

Board's inference is reasonable in light of its findings. *Id.* We are not bound by the Review Board's conclusions of law, though an interpretation of a statute by an administrative agency charged with the duty of enforcing the statute is entitled to great weight unless the interpretation is inconsistent with the statute itself. *Id.*

The parties to an ALJ's eligibility determination "shall be duly notified of the decision . . . and the reasons therefor, which shall be deemed to be the final decision of the review board, unless within fifteen (15) days after the date of notification or mailing of such decision, an appeal is taken by the commissioner or by any party adversely affected by such decision to the review board." Ind. Code § 22-4-17-3. Where, as here, an administrative agency sends notice through the regular course of mail, a rebuttable presumption arises that such notice is received. *Value World Inc. of Ind. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 927 N.E.2d 945, 948 (Ind. Ct. App. 2010). Evidence of deposit in a post office, properly addressed and stamped, is *prima facie* proof a document was received by the person to whom it was addressed. *Id.* We rely on the discretion of the factfinder to weigh evidence, and will not reverse absent evidence leading solely to the opposite conclusion. *Id.* at 949.

The presumption of receipt is not conclusive, but neither is the statement by an interested party of non-receipt. *Id.* It is then for the trier of fact to determine from all the evidence and reasonable inferences to be drawn therefrom what occurred. *Id.* The Review Board, sitting as trier of fact, concluded after hearing evidence that the presumption was not overcome. We cannot say that evidence leads solely to a conclusion opposite that the Review Board reached.

4

Here, the Review Board treated the matter as a question of fact and of witness credibility. It considered the manner in which Orange County processed mail, noted the County had consistently received mail without incident, and then found the County's evidence was not "credible or persuasive." (App. at 25.) Considering those facts in light of the presumption Orange County received the notice, and the absence of evidence to demonstrate a reason the notice might not have successfully made it to Orange County in a timely manner,[1] we conclude the Review Board's decision was not error. We must decline Orange County's invitation to judge the credibility of the witnesses, and we accordingly affirm.

Affirmed.

VAIDIK, C.J., and FRIEDLANDER, J., concur.

---

[1] Orange County points to *Scott v. Review Bd. of Ind. Dep't of Workforce Dev.*, 725 N.E.2d 993, 996 (Ind. Ct. App. 2000), and *Forni v. Review Bd. of Ind. Dep't of Workforce Dev.*, 900 N.E.2d 71, 73 (Ind. Ct. App. 2009), *trans. denied*, for the premise that if notice is not actually received in time, further proceedings must be permitted. Those decisions do not require a contrary result in the case before us, as in both the trier of fact determined the presumption of receipt had been rebutted. *See Scott*, 725 N.E.2d at 996 ("[b]ecause both parties agree that Scott did not receive actual notice of the July 6, 1999 hearing until July 11, 1999, . . . the presumption of receipt is rebutted"); *Forni,* 900 N.E.2d at 73 ("the Board does not dispute that Forni did not receive actual notice prior to the hearing; therefore, the presumption has been rebutted"). Here, the presumption was not rebutted.