STIVER, POLICE SUPERINTENDENT, ET AL. *v.*
HOLLEY ET AL.

[No. 27,109. Filed December 19, 1938.]

*Omer S. Jackson,* Attorney General, *Urban C. Stover,* and *Thomas Longfellow,* Deputy Attorneys General, for appellants.

*J. Edward Barce, Ferdinand Born,* and *Hume L. Sammons,* for appellees.

FANSLER, J.—This is an appeal from a judgment enjoining officers of the State of Indiana from interfering with the business of the appellee and others similarly situated in hauling commercial fertilizer and ground and crushed limestone used as fertilizer from fertilizer plants or quarries to farmers. From a judgment enjoining them as prayed, the state officers have perfected this appeal. The sole question is whether, under the statute, those engaged in hauling fertilizer are exempt from obtaining a carrier's permit or certificate from the Public Service Commission.

A solution of the question involves the construction of section 2 of chapter 300 of the Acts of 1937 (Acts 1937, p. 1357), section 47-1213 Burns' Ann. St. Supp. 1937, §11232-3 Baldwin's Supp. 1937. The section in question provides that the act shall not apply: "(f) To motor vehicles controlled and operated by any farmer,

and used in the transportation of his agricultural commodities and products thereof, or in the transportation of supplies to his farm, or to motor vehicles controlled and operated by any non-profit cooperative association, or to motor vehicles used exclusively in carrying livestock or agricultural commodities, not including the manufactured products thereof." It is conceded that, unless exempted by this provision, the appellee and those in like situation are required to obtain a permit or certificate from the Public Service Commission.

It will be noted that clause (f) exempts three classes of vehicles. First, "motor vehicles controlled and operated by any farmer, and used in the transportation of his agricultural commodities and products thereof, or in the transportation of supplies to his farm." Under this provision, the owner of such a vehicle may transport property for hire without a permit or certificate. There is no contention that the appellees come within this class. Second, "motor vehicles controlled and operated by any non-profit cooperative association." There is no contention that the appellees come within this class. Third, "motor vehicles used exclusively in carrying livestock or agricultural commodities, not including the manufactured products thereof." The appellees contend, and the lower court must have determined, that they are within this class.

It is argued that fertilizer is an "agricultural commodity," and that, since the appellee and those in like situation are engaged in hauling fertilizer, they are exempt under this provision. We might go no further than to note that there is no evidence that the appellees' vehicles were "used exclusively in carrying livestock or agricultural commodities," and, since the appellees were the plaintiffs, the burden to produce such evidence was upon them.

Appellees' contention that the term, "agricultural

commodities," was intended to include supplies, such as fertilizer, would compel the contention that it ██ would also include such commodities as drainage tile, fencing, farm machinery, etc. But it is believed that the ordinary conception of the meaning of the term includes only products of the farm. See *In re Rodgers* (1938), 134 Neb. 832, 279 N. W. 800. Light is thrown upon the legislative interpretation of the words by the language of the sentence in which it is used. It will be noted that the first vehicles exempted are those controlled and operated by a farmer "and used in the transportation of his agricultural commodities and products thereof, or in the transportation of supplies to his farm." If the term, "agricultural commodities," was considered as including supplies such as fertilizer, there would have been no necessity of adding the words "supplies to his farm." In the stipulation of facts upon which the case was decided, it is agreed that the appellee was engaged "in the hauding for hire of commercial fertilizer which is manufactured and compounded by various fertilizer companies at their plants within the State of Indiana, to the farmers in said state, and he also is engaged in hauling for hire and he proposes to continue to so haul crushed and powdered limestone to be used as a fertilizer." The appellees then are engaged in hauling for hire commercial fertilizer, which is a manufactured product, and crushed and powdered limestone, which must also come within the class of manufactured substances, and therefore appellees' motor vehicles would not be exempt even though fertilizer should be considered as within the term, "agricultural commodities," since it is a manufactured product. But, as we see it, the term cannot be considered as including fertilizer or other such supplies.

Judgment reversed, with instructions to enter judgment for the appellants.