**BROWNING–FERRIS INDUSTRIES,**
**Appellant–Employer,**

v.

**REVIEW BOARD OF THE INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT, and Patrick Bender, Appellees–Claimants.**

No. 93A02–9702–EX–76.

Court of Appeals of Indiana.

April 16, 1998.

**1352**

John B. Drummy, Kightlinger & Gray, Indianapolis, and Susan G. Lindsey, Floyd & Tudor, P.C., Nashville, for appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Rosemary L. Borek, Deputy Attorney General, Indianapolis, for Review Board.

Samuel Morris, Agee, Allen, Godwin & Morris, Laurenzi & Hamilton, Memphis, for Patrick Bender.

## OPINION

STATON, Judge.

Browning–Ferris Industries ("BFI") appeals from the Unemployment Insurance Review Board's ("Review Board") award of unemployment insurance benefits to Patrick Bender. An administrative law judge ("ALJ") ruled, and the Review Board agreed, that BFI failed to establish a *prima facie* case that it discharged Bender for just cause because it had not shown that its drug and alcohol policy was reasonable. The ALJ determined that BFI's drug and alcohol policy is unreasonable because it is more stringent than federal regulations governing the use of drugs and alcohol by commercial drivers. The sole issue for our review is whether BFI's drug and alcohol policy is unreasonable because it is more stringent than is required by federal regulations.[1]

We reverse and remand.[2]

---

1. BFI also requests that this court hold that BFI met its burden with respect to the other elements of its *prima facie* case of just cause to terminate Bender. *See Butler v. Review Bd.*, 633 N.E.2d 310, 312 (Ind.Ct.App.1994) (holding that in order to make out a *prima facie* case, the employer must show that the former employee: (1) knowingly violated; (2) a reasonable; and (3) uniformly enforced rule). Because neither the Review Board nor the ALJ made findings with respect to these issues, we decline to do so until such time as the Review Board has had the opportunity to consider them on remand. *See*

*Plumrose USA, Inc. v. Review Bd.*, 654 N.E.2d 827, 829 (Ind.Ct.App.1995) (failure of Review Board to enter specific findings on all facts relevant to contested issues compels remand as this court may not enter factual findings).

2. This case is before this court for the second time. On November 5, 1997 we issued a memorandum decision wherein we reversed the Review Board's decision and remanded this case for further consideration. On December 17, 1997, we issued an order vacating our November 5 opinion because we determined that we lacked

The facts most favorable to the Review Board's decision reveal that BFI discharged Bender for violation of its drug and alcohol policy, which provides, in part, that any employee "whose alcohol test level is .020 or greater while on duty or immediately following driving will be subject to immediate termination." Record at 122. On the morning that BFI terminated Bender's employment, Bender reported to work and began driving a BFI commercial vehicle. Several hours into his shift, he contacted BFI's dispatch office and indicated that he was having trouble controlling his vehicle. He then brought the vehicle back to the dispatch yard and met with BFI's safety manager. Based upon Bender's appearance and his statement that he was taking an antibiotic and felt high, he was asked to submit to a drug and alcohol test. Bender was taken to a testing facility approximately one-half hour later, where he submitted to a breathalyzer exam. Bender registered a .032 blood alcohol content on the first test and a .026 blood alcohol content approximately 15 minutes later.

■■■■ On judicial review of an unemployment compensation proceeding, we determine whether the decision of the Review Board is reasonable in light of its findings. *Arvin North American Automotive v. Review Bd.*, 598 N.E.2d 532, 535 (Ind.Ct.App. 1992), *trans. denied.* We are bound by the Review Board's resolution of all factual matters; thus, we neither reweigh evidence nor reassess witness credibility. IND. CODE § 22–4–17–12(a) (Supp.1996); *Bishop v. Review Bd.*, 611 N.E.2d 670, 672 (Ind.Ct.App. 1993). Rather, we consider only the evidence most favorable to the Board's decision

and the reasonable inferences to be drawn therefrom, and if there is substantial evidence of probative value to support the Board's conclusion, it will not be set aside. *Monroe County Sheriff Dep't v. Review Bd.*, 637 N.E.2d 155, 159 (Ind.Ct.App.1994), *reh. denied.* When an appeal involves a question of law, we· are not bound by the agency's interpretation of law; rather, we determine whether the agency correctly interpreted the law and correctly applied the applicable law. *Hughey v. Review Bd.*, 639 N.E.2d 1044, 1046 (Ind.Ct.App.1994), *trans. denied.*

■■■■ BFI contends that it terminated Bender's employment for just cause, and as such, Bender is not entitled to unemployment insurance benefits.[3] IND. CODE 22–4–15–1(d)(2) (Supp.1996) provides that an employer has just cause to terminate an employee for the "knowing violation of a reasonable and uniformly enforced rule of an employer." The employer bears the initial burden of establishing that an employee has been terminated for just cause. *Conseco, Inc. v. Review Bd.*, 626 N.E.2d 559, 561 (Ind.Ct.App. 1993), *trans. denied.* In order to make out a *prima facie* case of termination for just cause under IC 22–4–15–1(d)(2), the employer must show that the former employee: (1) knowingly violated; (2) a reasonable; and (3) uniformly enforced rule. *Butler v. Review Bd.*, 633 N.E.2d 310, 312 (Ind.Ct.App.1994).

BFI argues that its drug and alcohol policy is reasonable within the meaning of IC 22–4–15–1(d)(2). The ALJ recognized that BFI's drug and alcohol policy was reasonable insofar as it was based on regulations promulgat-

---

subject matter jurisdiction over the action. Our order stated, in pertinent part:

> On December 5, 1997, the State filed a petition to vacate our opinion and dismiss the case on the grounds that the Indiana Court of Appeals lacks subject matter jurisdiction over it. The State argues that this court lacks subject matter jurisdiction because BFI failed to join the Review Board as a party appellee when it sought our review of the board's decision to award Patrick Bender unemployment benefits. In support thereof, the State cites IND CODE § 22–4–17–12 (Supp.1996) which provides in part: "In every appeal the review board shall be made a party appellee. . . ." The State contends and we agree that this requirement is·

jurisdictional. *Teepe v. Review Bd.*, 136 Ind. App. 331, 200 N.E.2d 538, 539 (1964) ("Where a statute provides the remedy for review of a decision of an administrative board and a proceeding to be followed, the procedure must be followed as a condition precedent to the acquiring of jurisdiction"). Despite our dismissal, we allowed BFI to refile its appeal by naming the Review Board as a party appellee since it had complied with the other statutory prerequisites necessary for an appeal.

3. IND.CODE § 22–4–15–1 (Supp.1996)· provides that an individual who has been discharged from her employment for just cause is ineligible for unemployment benefits.

ed by the United States Department of Transportation ("DOT"). However, the ALJ determined that BFI's policy was unreasonable to the extent that its drug and alcohol standards were more stringent than those mandated by DOT regulations.

Two different sets of DOT regulations are implicated in this case. The first set of regulations are codified in 49 C.F.R. § 382 (1996) and require the drivers of commercial vehicles to submit to drug and alcohol testing which their employers must conduct. Specifically, BFI was required by 49 C.F.R. § 382.307 to have Bender tested for blood alcohol content on the morning he was discharged because company employees he spoke with had a reasonable suspicion that he might have been under the influence of alcohol.

The second set of regulations is found at 49 C.F.R. § 383 (1996) and provides a set of standards governing commercial driver's licenses. Commercial drivers, their employers, and state licensing authorities must comply with the dictates of § 383. See 49 C.F.R. § 383.1. 49 C.F.R. § 383.51(b)(2)(i)(A) makes driving a commercial motor vehicle while a person's blood alcohol content is 0.04 percent or more a disqualifying offense. A state is required to suspend for at least one year the commercial license of a driver who commits a disqualifying offense, and an employer may not knowingly allow such a person to drive its vehicles. 49 C.F.R. § 383.51. The ALJ concluded that § 383.51(b) makes it unreasonable for BFI to adopt a work rule which allows the company to terminate an employee whose alcohol test is greater than 0.02.

The ALJ's decision reads, in pertinent part:

> The employer does in fact have a set of rules which were reasonable insofar as they were based on United States Department of Transportation regulations. However, the employer's regulations are unreasonable insofar as they exceed the requirements of the regulations. Title 49 CFR part 383.51(b) specifically defines disqualifying offenses rendering a driver ineligible to drive for a period of 1 year. The regulation specifically makes driving a commercial motor vehicle while the person's alcohol concentration is 0.04 percent or more a disqualifying event. The employer's rules would attempt to supersede federal regulations by making a lesser blood alcohol concentration a disqualifying event. While the employer may have a right and responsibility to prohibit employees from driving while they have a blood alcohol concentration of 0.02 percent, termination for a standard less than that specified by federal regulations would be unreasonable.

Record at 158–59.

The ALJ's opinion misinterprets the effect of BFI's work rule, and accordingly, his conclusion is incorrect that BFI's work rule is unreasonable because of 49 C.F.R. § 383.51(b).

The ALJ states that "the employer's rules would attempt to supersede federal regulations by making a lesser blood alcohol concentration a disqualifying event." Record at 159. On the contrary, BFI's rule does not attempt to make having a blood alcohol content of 0.02 or greater a disqualifying offense. "Disqualifying offense" is a term of art, and under DOT regulations, a person who is found to have committed a disqualifying offense will have his commercial driver's license suspended or revoked. 49 C.F.R. § 383.51. The sanction for violating BFI's rule is not the loss of one's commercial driver's license—it is the loss of one's job. Thus, BFI's rule does not make driving at a level greater than 0.02 but less than 0.04 a "disqualifying offense," and it does not in any way attempt to supersede federal regulations.

Moreover, DOT regulations remain neutral on whether an employer may or should take disciplinary action against an employee with a blood alcohol content less than 0.04. 49 C.F.R. § 382.505 provides, "... no employer shall take any action under [§ 382] against a driver based solely on test results showing an alcohol concentration less than 0.04. This does not prohibit an employer with authority independent of [§ 382] from taking any action otherwise consistent with law." Thus, under DOT regulations, it is an employer's

decision whether or not to levy employment sanctions against an employee who operates a commercial vehicle with a blood alcohol content less than 0.04.[4]

We hold that the ALJ's decision is incorrect to the extent that it concludes BFI's work rule is unreasonable simply because the rule is more stringent than 49 C.F.R. § 383.51. It is important to note that we have not held that BFI's work rule is reasonable. We only hold that the DOT regulations themselves do not make BFI's rule unreasonable. On remand, the Review Board must reevaluate, in light of our holding, whether or not BFI's policy is reasonable. In making this decision, the Review Board should consider this court's prior holdings which have defined the type of work rule that is reasonable under IC 22–4–15–1(d)(2). *See Best Lock Corp. v. Review Bd.,* 572 N.E.2d 520, 523 (Ind.Ct.App.1991) (holding that a work rule is reasonable if it regulates an employee's on-duty activities and it protects the interest of the employer); *General Motors Corp. v. Review Bd.,* 671 N.E.2d 493, 497 (Ind.Ct.App.1996) (holding that a work rule is reasonable if it protects both the interests of the employees and the employer). We reverse and remand to the Review Board for proceedings consistent with this opinion.

Reversed and remanded.

HOFFMAN and RILEY, JJ., concur.

---

4. The Review Board argues that the plain and ordinary meaning of 49 C.F.R. § 382.505 prohibits an employer from disciplining a driver who has a blood alcohol content lower than 0.04. We think the plain and ordinary meaning of § 382.505 compels a different conclusion. § 382.505(b) provides: "... no employer shall take any action under this part against a driver based solely on test results showing an alcohol concentration less than 0.04. *This does not prohibit an employer with authority independent of this part from taking any action otherwise consistent with law."* (emphasis added). Our reading of this language is that an employer is not required to take disciplinary action against an employee with a blood alcohol content lower than 0.04, but the employer may if it so chooses.