VALUE WORLD INC. OF INDIANA, Appellant,

v.

REVIEW BOARD OF the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and C.C., Appellees.

No. 93A02–1001–EX–61.

Court of Appeals of Indiana.

June 9, 2010.

Daniel S. Tomson, Mercer Belanger, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Stephanie Rothenberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Employer, Value World, Inc. (Value World), appeals the determination of the Unemployment Review Board of the Indiana Department of Workforce Development (Review Board) concluding that Value World did not have good cause for failing to attend an administrative appeal hearing.

We affirm.

### ISSUE

Value World presents one issue on appeal, which we restate as: Whether the Review Board committed reversible error by determining that Value World did not present sufficient evidence to rebut the presumption that it had received notice of the appeal hearing.

### FACTS AND PROCEDURAL HISTORY

C.C. was terminated from his position with Value World. He applied for unem-

ployment benefits. On November 3, 2009, a claims deputy with the Indiana Department of Workforce Development determined that C.C. had been discharged for just cause. On November 9, 2009, C.C. appealed that determination, and on December 17, 2009, an Administrative Law Judge (ALJ) held a telephonic hearing considering C.C.'s appeal. The ALJ noted that Value World had failed to submit a contact phone number for the appeal hearing, and was not contacted. That same day, the ALJ entered a decision, which concluded that because Value World had failed to appear, it had not carried its burden of proof that there was just cause for C.C.'s dismissal from employment. Therefore, the ALJ found, C.C. to be eligible to draw unemployment insurance benefits.

On December 21, 2009, Value World requested an appeal of the ALJ's decision contending that it had never received notice regarding the date or time of the telephonic appeal hearing. On January 6, 2010, a hearing officer for the Review Board conducted a telephonic hearing on Value World's appeal, in which C.C. did not participate. During the hearing, Rick Wenger (Wenger), a District Manager of Value World, testified that Value World had not received "notification of any appeal." (Appellant's App. p. 37). The hearing officer noted that in the "appellate file" there was "Division Exhibit Number 3," which indicated that notice had been mailed to Value World at the correct address on November 25, 2009. (Appellant's App. p. 37). Wenger further testified that as far as he knew, they had not had any problems receiving mail. He described the process in which mail is opened for his review by the Office Manager, Betty Sullivan (Sullivan). Prior to Sullivan's opportunity to testify, Wenger concluded his testimony by stating:

Yeah, we were waiting for this notification to be honest with you. We were just waiting to hear from you and we never heard anything, and that was the ongoing question to [Sullivan,] did we get any notification, nope, not yet. But, you know, I just figured you're all busy.

(Appellant's App. pp. 38–39). Next, Sullivan testified that she would place all of the mail, except for "junk mail" on Wenger's desk. (Appellant's App. p. 39). Wenger closed by stating that "I hope the Board understands that we just didn't receive it. We always respond. I'm sure if you check our ID that we always respond to everything, so, history tracks itself." (Appellant's App. p. 41).

On January 11, 2010, the Board issued its Order affirming the decision of the ALJ. The Board concluded that Value World had presented insufficient evidence to prove that the hearing notice was not timely received. "In the absence of any convincing evidence explaining why the hearing notice might not have been timely received, the Review Board finds that [Value World] timely received the hearing notice." (Appellant's App. p. 2).

Value World now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

Value World contends that the Review Board committed reversible error. Specifically, Value World argues that it presented sufficient evidence to rebut the presumption that it had received notice of the appeal hearing before the ALJ.

In appeals of unemployment compensation proceedings, we determine whether the decision of the Review Board is reasonable in light of its findings. *Browning–Ferris Industries v. Review Bd. of Ind. Dep't. of Workforce Dev.*, 693 N.E.2d 1351, 1353 (Ind.Ct.App.1998). We

are bound by the Review Board's resolution of factual matters; therefore, we do not reweigh the evidence or judge the credibility of the witnesses. *Id.* We consider only the evidence most favorable to the Review Board's decision and the reasonable inferences therefrom, and affirm the judgment of the Review Board if it is supported by substantial evidence which support its conclusions. *Id.* However, when an appeal addresses a question of law, we are not bound by Review Board's interpretation of law, and will reverse the decision if it is based upon an incorrect interpretation of the law. *Id.*

■ Where an administrative agency sends notice through the regular course of mail, a presumption arises that such notice is received; however, that presumption is rebuttable. *KLR Inc. v. Ind. Unemploy't Ins. Review Bd.*, 858 N.E.2d 115, 117 (Ind. Ct.App.2006) (citing *Carter v. Review Bd. of the Ind. Dep't of Employment and Training Servs.*, 526 N.E.2d 717, 719 (Ind. Ct.App.1988), *trans. denied*, and *Abdirizak v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 826 N.E.2d 148, 150 (Ind.Ct. App.2005)). In *KLR,* we considered facts strikingly similar to those presented by Value World here. KLR had failed to appear at an appeal hearing, and KLR's representative explained that the absence was because it had never received notice of the hearing. *Id.* at 118. However, the Review Board concluded that the statement by KLR's representative was insufficient evidence to rebut the presumption of actual notice, noting that notice had been mailed to the confirmed mailing address, and that KLR's representative acknowledged that KLR had not experienced other problems with its mail service. *Id.* at 117.

On appeal, we noted that it is difficult to overcome a presumption that notice of hearing was received due to the difficulty in proving a negative, "*i.e.,* that notice was not received...." *Id.* (*quoting Scott v. Review Bd. of Ind.,* 725 N.E.2d 993, 997 n. 2 (Ind.Ct.App.2000)). We also relied upon legal precedent which held that a presumption has no further effect, and essentially "drops from the case" once the opponent of the presumption presents evidence meeting or rebutting the presumption. *Id.* Ultimately, we concluded that KLR had presented evidence sufficient to rebut the presumption, and that it dropped from the case. *Id.*

The Review Board contends that *KLR* should not be treated as controlling precedent because the *KLR* court relied in part on precedent which has been abandoned by our supreme court upon the adoption of Indiana Evidence Rule 301. The *KLR* court relied, in part, upon the treatment given presumptions prior to Evid. R. 301:

[A] presumption of law is not evidence nor should it be weighed by the factfinder as though it had evidentiary value. Rather, a presumption is a rule of law enabling the party in whose favor it operates to take his case to the trier of fact without presenting evidence of the fact presumed. It serves as a challenge for proof and indicates the party from whom such proof must be forthcoming. When the opponent of the presumption has met the burden thus imposed, however, the office of the presumption has been performed; the presumption is of no further effect and drops from the case.

*Id.* (quoting *McClain v. Chem–Lube Corp.,* 759 N.E.2d 1096, 1101 (Ind.Ct.App.2001)).

Two days prior to the issuance of our opinion in *KLR,* our supreme court handed down *Schultz v. Ford Motor Co.,* 857 N.E.2d 977, 985 (Ind.2006), which expressly disapproved of *McClain.* In *Schultz,* our supreme court discussed, for the first time, the effect of the second sentence that had been added to Indiana Evidence Rule

301, which states: "A presumption shall have continuing effect even though contrary evidence is received." Our supreme court concluded that, due to this language, a presumption does not drop from a case once the opponent of the presumption meets the burden imposed, but rather, the presumption should be given "continuing effect." *Id.* at 985. Therefore, we agree with the Review Board and deviate from *KLR* by giving the presumption of actual notice to Value World continuing effect.

▆▆ Now we must answer whether, in light of the continuing effect of the presumption of actual notice, has Value World presented sufficient evidence to prove that notice was not received. Indiana Evidence Rule 301 does not define the quantum of evidence the opponent of the presumption must produce to rebut the presumption. *See* 1 WEINSTEIN § 301.02[3][a], at 301–12 (2d ed. 2006). However, a presumption of law is not evidence and should not be weighed by the factfinder as though it has evidentiary value. *Sumpter v. State,* 261 Ind. 471, 306 N.E.2d 95, 99 (1974). "[O]ne's view of whether presumptions should be given relatively light or relatively heavy weight will depend in turn on one's view of the significance of the policies giving rise to presumptions in the first place." *Schultz,* 857 N.E.2d at 983.

The difficulty in proving a negative, *i.e.* the lack of notice, acknowledged in *KLR* is still applicable to our consideration here. *See KLR,* 858 N.E.2d at 117. That being said, C.C. and/or Workforce Development would face a similar difficulty if either was required to disprove Value World's claim that it did not receive notice. This is likely one of two reasons justifying the presumption; the other being the reliability of mail delivery.

In *Sebasty v. Perschke,* 404 N.E.2d 1200, 1201 (Ind.Ct.App.1980), the trial court found that written confirmation of a contract mailed to Sebasty had been received, in spite of Sebasty's protestation that he had not received such confirmation. On appeal, Sebasty argued that no evidence existed to support the trial court's finding that the confirmation had been received. *Id.* at 1202. We noted our prior precedent which held that evidence of deposit "in a post office, properly addressed and stamped, is *prima facie* proof that it was received by the person to whom it was addressed." *Id.* (citing *National Live Stock Ins. Co. v. Wolfe,* 59 Ind.App. 418, 106 N.E. 390 (1914); *Home Ins. Co. of N.Y. v. Marple,* 1 Ind.App. 411, 27 N.E. 633 (1891)). Despite this acknowledgement of precedent which characterized the presumption of receipt where proper mailing has occurred as *"prima facie* proof," we ultimately relied upon the discretion of the trial court to weigh the evidence, and refused to reverse its decision absent evidence leading "solely to the opposite conclusion." *Id.*

> While the presumption of receipt is not conclusive, neither is the statement by an interested party of non-receipt. [ ] It is then for the trier of fact to determine from all the evidence and reasonable inferences to be drawn therefrom what occurred. The court, sitting as trier of fact, concluded after hearing all the evidence in the case that the letter was received by Sebasty. We cannot say that the evidence leads solely to the opposite conclusion.

*Id.*

To the extent that *KLR* still has precedential value, it is not at odds with the result in *Sebasty.* In *KLR,* we concluded that the Review Board had improperly treated the issue of whether KLR failed to overcome the presumption of receipt as a matter of law. *KLR,* 858 N.E.2d at 119. We reversed and remanded for the Review Board to treat the receipt of notice issue as a question of fact. *Id.*

Here, the Review Board has treated the matter as a question of fact. The Review Board considered the manner in which Value World processed mail, and noted the consistency in which Value World had received mail without incident. The Review Board noted the real possibility that the notice "was received and inadvertently lost or discarded because of an internal mail sorting error." (Appellant's App. p. 2). Considering these facts in light of the continuing effect of the presumption that Value World received the notice, and lack of any evidence to demonstrate a possible reason that the notice may not have successfully made it to Value World, we conclude that the Review Board's decision was supported by sufficient evidence.

### CONCLUSION

Based on the foregoing, we conclude that the Review Board's decision that Value World has not rebutted the presumption of actual notice was supported by sufficient evidence.

Affirmed.

MATHIAS, J., and BRADFORD, J., concur.