EMPLOYER, Appellant,

v.

REVIEW BOARD OF the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and Employee, Appellees.

No. 93A02–1101–EX–53.

Court of Appeals of Indiana.

Aug. 18, 2011.

Ordered Published Sept. 28, 2011.

Robert A. Welsh, Harris Welsh & Lukmann, Chesterton, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Stephanie Rothenberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee Review Board of the Indiana Department of Workforce Development.

## OPINION

BRADFORD, Judge.

Appellant Employer appeals from the Review Board of the Indiana Department of Workforce Development's ("Review Board") decision that it did not show good cause for failing to appear for the administrative hearing before the Administrative Law Judge ("ALJ"). We affirm.

## FACTS AND PROCEDURAL HISTORY

The Claimant was employed by Employer as an office manager from September 8, 2009, to August 16, 2010. Following the termination of her employment, Claimant submitted a claim for unemployment insurance benefits. On September 7, 2010, a claims deputy for the Indiana Department of Workforce Development ("Department") determined that the Claimant was discharged for just cause and was therefore ineligible for unemployment insurance benefits. Claimant appealed the claims deputy's determination on September 12, 2010.

On October 29, 2010, the Department mailed a Notice of Hearing to both parties scheduling a hearing, which would be conducted by the ALJ by telephone, for November 10, 2010, at 2:15 p.m. Eastern Standard Time ("EST"). The November 10, 2010 hearing was postponed and rescheduled for November 22, 2010, at 11:00 a.m. EST after the Employer requested a continuance of the original hearing date. A second Notice of Hearing was sent to the parties detailing the date and time of the rescheduled hearing. The second notice, like the first, required the parties to submit an "Acknowledgement Form" indicating whether the party wished to participate in the hearing, and, if so, to provide the ALJ with a telephone number at which the party could be reached at the time of the scheduled hearing. In addition, a set of instructions attached to the second notice stated as follows: "Confirm the date, time, and location for your hearing. Some Indiana counties are in different time zones. Your hearing will start at the time and time zone listed on the Notice of Hearing." Exhibits p. 14.

Claimant returned the Acknowledgment Form indicating that she wished to participate in the hearing and provided the ALJ with a telephone number at which she could be reached. Employer did not return the Acknowledgment Form. On November 22, 2010, the ALJ called the telephone number provided by Claimant, and Claimant appeared before the ALJ. Despite Employer's failure to return the Acknowledgment Form indicating whether it intended to participate in the hearing, the ALJ attempted to reach the Employer at multiple telephone numbers, including a telephone number on Employer's attorney's letterhead that had previously been submitted to the ALJ. These attempts,

however, were unsuccessful. Upon not being able to reach Employer at these telephone numbers, the ALJ noted that Employer was not present and continued with the hearing as scheduled.

Following the conclusion of the hearing, the ALJ reversed the determination of the claims deputy. Employer appealed the ALJ's decision to the Review Board. On December 27, 2010, the Review Board issued a decision affirming the ALJ's reversal of the determination of the claims deputy. This appeal follows.

## DISCUSSION AND DECISION

■■■ On judicial review of an unemployment compensation proceeding, we determine whether the decision of the Review Board is reasonable in light of its findings. *Value World Inc. of Ind. v. Review Bd. of Ind. Unemp't Dept. of Workforce Dev.*, 927 N.E.2d 945, 947 (Ind.Ct. App.2010). We are bound by the Review Board's resolution of all factual matters; thus, we neither reweigh evidence nor reassess witness credibility. *Id.* at 948. Rather, we consider only the evidence most favorable to the Review Board's decision and the reasonable inferences to be drawn therefrom, and if there is substantial evidence of probative value to support the Review Board's conclusion, it will not be set aside. *Id.* When, however, an appeal involves a question of law, we are not bound by the agency's interpretation of law, and we will reverse a decision if the Review Board incorrectly interprets a statute. *Id.*

■■■ In a discharge case, the employer bears the burden of proving that it discharged the claimant for just cause. *Stanrail Corp. v. Unemp't Ins. Review Bd.*, 734 N.E.2d 1102, 1104 (Ind.Ct.App. 2000). Indiana Code section 22–4–15–1(d) (2008) provides that the term "discharge for just cause" is defined to include "any breach of duty in connection with work which is reasonably owed an employer by an employee." In construing this provision of the statute, this court provided as follows:

> Determination of just cause is a question of fact. It is conduct evidencing such willful or wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has a right to expect of his employee, or a carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent, or evil design, or to show an intentional or substantial disregard of the employer's interest or of the employee's duties or obligation to his employer.

*Yoldash v. Review Bd. of Ind. Emp't Sec. Div.*, 438 N.E.2d 310, 312 (Ind.Ct.App. 1982) (citation, emphasis, and quotation omitted). No hard-and-fast rule can be fixed defining in precise terms what constitutes such misconduct as to deny an employee unemployment compensation benefits. *Id.* Each case must be determined on its own particular facts. *Id.*

■■■ Employer concedes that it failed to appear during the telephonic hearing due to its counsel's mistaken application of the difference between the EST and Central Standard Time ("CST") zones. Employer argues, however, that its failure to timely appear should have been considered excusable neglect and that the Review Board should have reversed the decision of the ALJ and ordered the ALJ to reopen the hearing to provide Employer the opportunity to present evidence on its behalf. Employer further argues that the evidence it would have presented at the hearing would have proven that Claimant was fired for just cause.

In *Art Hill, Inc. v. Review Board of the Indiana Department of Workforce Development*, 898 N.E.2d 363, 368 (Ind.Ct.App. 2008), we concluded that the Review Board properly denied the employer's appeal because the employer had the opportunity to be heard, but failed, due to circumstances within its control, to participate in the hearing. Specifically, we concluded that a party to an unemployment hearing may voluntarily waive the opportunity for a fair hearing where the party received actual notice of the hearing and failed to appear at or participate in the hearing. *Id.* In *Art Hill*, as in the instant matter, it was undisputed that both parties received notice of the date and time at which the ALJ would conduct the telephonic hearing. *Id.* Both parties provided the ALJ with a telephone number at which they could be reached. *Id.* However, the employer decided, without notifying the ALJ, to change the telephone number at which it wished to appear. *Id.* At the scheduled time for the hearing, the ALJ unsuccessfully attempted to reach the employer by telephone three times before continuing with the hearing without the employer being present. *Id.* As in the instant matter, the employer subsequently claimed that it had unsuccessfully attempted to contact the ALJ's office within approximately fifteen minutes of the time when the hearing was scheduled to begin. *Id.* Based on these facts, we concluded that the employer could not say that it was denied a reasonable opportunity for a fair hearing. *Id.*

Also, in *S.S. v. Review Board of the Indiana Department of Workforce Development*, 941 N.E.2d 550, 557 (Ind.Ct.App. 2011), *reh'g denied*, we concluded that the claimant did not show good cause for reinstatement of her appeal from the decision of the claims deputy by presenting evidence regarding her confusion between EST and CST. In *S.S.*, the claimant did not "point to any circumstance outside her control which caused her to miss the telephonic hearing," but rather relied on her own confusion regarding the time zones in support of her claim that her hearing should be reinstated despite her failure to appear for the previously scheduled hearing. *Id.* at 557–58. Like the instant matter, the parties in *S.S.* were instructed that it was their responsibility to know which time zone they were in at the time of the hearing and that their hearing would start at the prescribed time in the time zone listed in the hearing notice. *Id.* at 553. We concluded that because the claimant failed to point to any circumstances outside her control that caused her to miss her scheduled hearing, the Review Board reasonably found that she failed to show good cause for reinstating her appeal. *Id.* at 558.

In the instant matter, Employer concedes that it had notice of the hearing and that it failed to appear at and participate in the hearing. While Employer's counsel requested that the first scheduled hearing be rescheduled, Employer failed to submit the Acknowledgement Form alerting the ALJ that it intended to participate in the rescheduled hearing and providing the ALJ with a telephone number at which its representatives could be reached. Despite the fact that Employer failed to notify the ALJ that it wished to participate in the rescheduled hearing, the ALJ attempted to reach Employer by calling either three or four different telephone numbers. These attempts, however, were unsuccessful. Employer argues that upon realizing that it had mistakenly calculated the hearing time from EST to CST, it unsuccessfully attempted to reach the ALJ in her office. In light of our conclusions in *Art Hill* and *S.S.*, we conclude that based on these facts, the Review Board correctly determined that Employer waived its opportunity to be heard during a fair hear-

ing, Employer's proffered excuse regarding its confusion relating to the time of the hearing in CST did not amount to excusable neglect, and Employer failed to show good cause why the hearing should be reopened.

Moreover, to the extent that Employer argues that its case should be distinguished from *Art Hill* and *S.S.*, and that we should instead follow a panel of this court's conclusions in *A.Y. v. Review Board of the Indiana Department of Workforce Development*, 948 N.E.2d 373 (Ind.Ct.App.2011), *trans. pending*, we conclude that *A.Y.*, rather than *Art Hill and S.S.*, should be distinguished from the instant matter. In *A.Y.*, unlike in the instant matter, the claimant faxed her participation slip, which included her contact information, to the ALJ's offices from a fax machine that did not print confirmation sheets. *Id.* at 378. The claimant attempted to contact the ALJ's office to confirm that the ALJ had received her participation slip. *Id.* However, despite the claimant's efforts, the ALJ did not receive the claimant's participation slip. *Id.* at 375. Having not received the claimant's participation slip, the ALJ dismissed the claimant's appeal, and the Review Board affirmed the decision of the ALJ. *Id.* at 377. Based on these facts, a panel of this court reversed and ordered that the Review Board reinstate the claimant's appeal. Unlike in the instant matter, however, the claimant in *A.Y.* not only took the required step of returning the participation slip to ensure that the ALJ knew she wished to participate in the hearing, but also the additional step of calling the ALJ's office prior to the hearing to confirm that the ALJ was aware of her desire to participate in the hearing. Here, Employer does not dispute the fact that it failed to inform the ALJ that it intended to participate in the hearing or provide the ALJ with the correct contact information by returning the required Acknowledgment Form. In addition, the record reveals that unlike the claimant in *A.Y.*, Employer made no extra effort to make sure that the ALJ had its proper contact information.

Having concluded that *A.Y.* should be distinguished from the instant matter, that the Review Board correctly determined that Employer voluntarily waived its opportunity to be heard during a fair hearing, Employer's proffered excuse regarding its confusion relating to the time of the hearing in CST did not amount to excusable neglect, and Employer failed to show good cause why the hearing should be reopened, we affirm the judgment of the Review Board.

The judgment of the Review Board is affirmed.

ROBB, C.J., concurs with opinion.

BARNES, J., concurs.

ROBB, Chief Judge, concurring.

I concur fully in the resolution of the merits of this case, but for the reasons stated in *Moore v. Review Bd.*, 951 N.E.2d 301, 304–06 (Ind.Ct.App.2011), I would identify the employer and employee in this case by full name rather than by generic descriptors.

## ORDER

Appellee, Review Board of the Indiana Department of Workforce Development, by counsel, filed a Motion To Publish By Appellee Review Board.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellee's Motion To Publish By Appellee Review Board is GRANTED and this Court's opinion heretofore handed down in this cause on August 18, 2011, marked Memorandum Decision, Not for

Publication is now ORDERED PUBLISH-
ED.

ROBB, C.J., BARNES, BRADFORD,
JJ., concur.