**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ZACHARY A. WITTE**
Locke & Witte
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE
REVIEW BOARD OF THE INDIANA
DEPARTMENT OF WORKFORCE
DEVELOPMENT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHANIE ROTHENBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LEADERS STAFFING LLC, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1202-EX-149 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT and | ) | |
| JASON P. BALLARD, | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE DEPARTMENT
OF WORKFORCE DEVELOPMENT
Cause No. 12-R-146

**September 26, 2012**

**BRADFORD, Judge**

Appellant Leaders Staffing LLC ("Leaders") appeals from the Review Board of the Indiana Department of Workforce Development's ("Review Board") decision that it did not meet its burden of proving that Jason P. Ballard was discharged for just cause. We reverse.

## FACTS AND PROCEDURAL HISTORY

Leaders is a staffing agency with an office in Fort Wayne. Ballard was employed by Leaders as a painter from May 18, 2009, to November 28, 2011. Initially, Ballard was assigned to work at a company called Rhinehart Finishing. However, after suffering a workplace injury, Ballard was placed on "light duty" and was assigned to work at Leaders's office. Tr. p. 7. When Ballard began working in Leaders's office, he signed a document which set forth certain company rules and policies.[1] Jerome Shaw, a staffing coordinator at Leaders, claims that the document signed by Ballard stated that company computers were to be used for "business purposes only," and any violation of this rule could result in termination. Tr. p. 8.

On November 28, 2011, Greg Kurtz, a salesperson for Leaders, walked in on Ballard watching what appeared to be a pornographic video on a company computer. Kurtz immediately notified Shaw of what he had witnessed. After discussing the matter with Kurtz, Shaw spoke to Ballard. Ballard denied watching a pornographic video, claiming

---

[1] A copy of the document signed by Ballard was not included in the record on review.

instead that he had been checking to see if the computer was working properly by watching a pre-installed family friendly video. Shaw determined that Ballard had violated the company rule regarding use of company computers and terminated his employment.

Following the termination of his employment, Ballard submitted a claim for unemployment insurance benefits. On December 14, 2011, a claims deputy for the Indiana Department of Workforce Development ("Department") determined that Ballard was not discharged for just cause and was therefore eligible for unemployment insurance benefits. Leaders appealed the claims deputy's determination on December 16, 2011.

On December 22, 2011, the Department mailed a Notice of Hearing to both parties scheduling a hearing, which would be conducted by an Administrative Law Judge ("ALJ"), for January 3, 2012. Following the conclusion of the hearing, the ALJ reversed the determination of the claims deputy. Ballard appealed the ALJ's decision to the Review Board. On January 26, 2012, the Review Board issued a decision reversing the ALJ's determination that Ballard was not entitled to unemployment benefits. This appeal follows.

## DISCUSSION AND DECISION

On judicial review of an unemployment compensation proceeding, we determine whether the decision of the Review Board is reasonable in light of its findings. *Value World Inc. of Ind. v. Review Bd. of Ind. Unemp't Dept. of Workforce Dev.*, 927 N.E.2d 945, 947 (Ind. Ct. App. 2010). We are bound by the Review Board's resolution of all factual matters; thus, we neither reweigh evidence nor reassess witness credibility. *Id.* at 948. Rather, we consider only the evidence most favorable to the Review Board's decision and the reasonable

3

inferences to be drawn therefrom, and if there is substantial evidence of probative value to support the Review Board's conclusion, it will not be set aside. *Id.* When, however, an appeal involves a question of law, we are not bound by the agency's interpretation of law, and we will reverse a decision if the Review Board incorrectly interprets a statute. *Id.*

In a discharge case, unemployment compensation may be denied to employees who are discharged for just cause. *Watterson v. Review Bd. of the Ind. Dep't of Emp't and Training Servs.*, 568 N.E.2d 1102, 1104 (Ind. Ct. App. 1991). The employer bears the burden of proving that it discharged the claimant for just cause. *Stanrail Corp. v. Unemp't Ins. Review Bd.*, 734 N.E.2d 1102, 1104 (Ind. Ct. App. 2000). Indiana Code section 22-4-15-1(d)(2) (2011) provides that the term "discharge for just cause" is defined to include any "knowing violation of a reasonable and uniformly enforced rule of an employer." In order to establish a prima facie case for violation of an employer rule under Indiana Code section 22-4-15-1(d)(2), it is necessary for the employer to show that the claimant: (1) knowingly violated; (2) a reasonable; and (3) uniformly enforced rule. *Stanrail Corp. v. Review Bd. of the Dep't of Workforce Dev.*, 735 N.E.2d 1197, 1203 (Ind. Ct. App. 2000), *trans. denied.* "After an employer has met [its] burden, the claimant must present evidence to rebut the employer's prima facie showing." *Id.*

"As a matter of law, unless the parties stipulate to what the rule states, if the rule is not reduced to writing when introduced into evidence, it is impossible for this court to fairly and reasonably review the Board's decision." *Blackwell v. Review Bd. of the Ind. Dep't of Emp't and Training Servs.*, 560 N.E.2d 674, (Ind. Ct. App. 1990); *see also Watterson*, 568 N.E.2d

4

at 1104-05. "We believe that [written documentation or a stipulation to the rule] is the minimum evidence necessary for the employer to satisfy its burden, by substantial evidence of probative value, that it has a rule and that that rule is reasonable and uniformly enforced." *Watterson*, 568 N.E.2d at 1105.

In the instant matter, Shaw testified during the evidentiary hearing that Ballard was discharged after he committed a violation of Leaders's rule regarding the use of company computers. Leaders did not introduce a written copy of this rule into evidence. The only evidence relating to this rule was introduced through Shaw's oral testimony. As such, we must determine whether Ballard stipulated to the rule as described by Shaw before we can attempt to discern the content of this rule. *See id*. at 1105. If Ballard did not stipulate to the language of the rule as described by Shaw, we will be unable to discern the content of this rule and likewise will be unable to determine whether it is reasonable and uniformly enforced. *See id*.

Shaw testified that Leaders's rule concerning the use of company computers read as follows:

> As a matter of course, Employees will have access to confidential information. It is a condition of employment that you don't disclose this information to third parties during or after employment. And as far as the equipment that's company property, such as laser printers, copiers, computers and all production tools are to be used for Leaders Staffing business purposes only.

Tr. p. 8. Shaw further testified that a violation of this rule could result in discharge. After Shaw read the rule, the ALJ asked Ballard if he would stipulate to the language of the rule as read by Shaw, and the following exchange took place:

5

> [Ballard]     I think so. I signed a paper but I don't remember if that was the one that I signed.
>
> [ALJ]     Okay, so, what, what, what I'm asking you is, is, is that the Employer's policy? Do you stipulate that that is their policy?
>
> [Ballard]     I, I would imagine so, I, I don't …
>
> [ALJ]     Okay.
>
> [Ballard]     Okay, ma'am?

Tr. p. 9.

Based on this exchange between Ballard and the ALJ, we conclude that Ballard's responses to the ALJ's questions were sufficient to amount to a stipulation to Leaders's rule as read by Shaw. As such, we further conclude that the Review Board erred in reversing the ALJ's determination that Ballard was fired for just cause following a knowing violation of a uniformly enforced rule relating to use of company computers.[2]

The judgment of the Review Board is reversed.

ROBB, C.J., and BAKER, J., concur.

---

[2] Ballard does not dispute the ALJ's determination that Leaders's rule relating to usage of company computers applied to all employees and was uniformly enforced.