**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 26 2013, 8:38 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*:

**RACHEL VAN ALSTINE**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE
REVIEW BOARD OF THE INDIANA
DEPARTMENT OF WORKFORCE
DEVELOPMENT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELIZABETH ROGERS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RACHEL VAN ALSTINE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1301-EX-27 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT and DEPARTMENT | ) | |
| OF CHILD SERVICES, | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE DEPARTMENT
OF WORKFORCE DEVELOPMENT
Cause No. 12-R-4489

**June 26, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant Rachel Van Alstine was employed by the Department of Child Services ("Employer") from May 13, 2012 to June 26, 2012. Van Alstine's employment was terminated after the Employer learned that she had failed to list relevant prior employment on her job application. Following the termination of her employment, Van Alstine filed a request for unemployment compensation benefits. Van Alstine appeals from the denial of her claim for unemployment benefits by the Review Board of the Indiana Department of Workforce Development ("Review Board"). We affirm.

## FACTS AND PROCEDURAL HISTORY

Van Alstine completed a job application for employment with Employer on or about March 20, 2012. This application listed the following as Van Alstine's previous employers and dates of employment: Elkart City Controller's Officer, 5/5/2003 to 5/30/2003; Elkhart County Health Department, 6/5/2003 to 6/6/2007; CVS Pharmacy, 6/1/2007 to [blank]; Elkhart City Prosecuting Attorney, 10/1/2011 to [blank]. Employer's Ex. 1. Van Alstine interned with Employer for approximately two months before she was hired as an employee of Employer on May 13, 2012. Van Alstine was hired by Employer to be a family case manager.

During her internship, Van Alstine mentioned to her co-workers that she had previously worked at Bashor Children's Home from 2009 to May 7, 2010, but that she had not listed the Bashor Children's Home as a previous employer on her job application due to the circumstances surrounding her separation from the employment. These circumstances

2

included an allegation that she had helped a boy run away from Bashor Children's Home. Following an investigation into the matter, the allegation was determined to be "unsubstantiated," and Van Alstine was found not to have committed any wrongdoing. Tr. p. 9. Van Alstine chose not to include her employment at Bashor Children's Home on her application because it "was a bad work experience." Tr. p. 8.

After learning of Van Alstine's former employment at Bashor Children's Home, Employer verified Van Alstine's former employment and reviewed her employment data from that employer. Employer terminated Van Alstine's employment on June 26, 2012, after it determined that she had omitted Bashor Children's Home, a relevant prior employer, from her employment application.

Van Alstine subsequently filed a claim for unemployment benefits. On August 28, 2012, a claims deputy for the Department of Workforce Development determined that Van Alstine was not discharged for just cause, and, as a result, was eligible to receive unemployment benefits. On August 31, 2012, Employer timely appealed the claims deputy's determination. Following a hearing that was conducted on October 29, 2012, an Administrative Law Judge ("ALJ") found that Van Alstine was not discharged for just cause and affirmed the claims deputy's determination. Employer timely appealed the ALJ's determination to the Review Board. On December 21, 2012, the Review Board reversed the ALJ's determination, finding that Van Alstine's employment was terminated for just cause, and, as such, she was not entitled to unemployment benefits. This appeal follows.

## DISCUSSION AND DECISION

On judicial review of an unemployment compensation proceeding, we determine whether the decision of the Review Board is reasonable in light of its findings. *Value World Inc. of Ind. v. Review Bd. of Ind. Unemp't Dep't of Workforce Dev.*, 927 N.E.2d 945, 947 (Ind. Ct. App. 2010). We are bound by the Review Board's resolution of all factual matters; thus, we neither reweigh evidence nor reassess witness credibility. *Id*. at 948. Rather, we consider only the evidence most favorable to the Review Board's decision and the reasonable inferences to be drawn therefrom, and if there is substantial evidence of probative value to support the Review Board's conclusion, it will not be set aside. *Id*. When, however, an appeal involves a question of law, we are not bound by the agency's interpretation of law, and we will reverse a decision if the Review Board incorrectly interprets a statute. *Id*.

"In Indiana, an unemployed claimant is ineligible for unemployment benefits if [s]he is discharged for 'just cause.'" *Russell v. Review Bd. of Ind. Dep't of Emp't & Training Servs.*, 586 N.E.2d 942, 948 (Ind. Ct. App. 1992). The employer bears the burden of proving that it discharged the claimant for just cause. *Stanrail Corp. v. Unemp't Ins. Review Bd.*, 734 N.E.2d 1102, 1104 (Ind. Ct. App. 2000). Indiana Code section 22-4-15-1(d)(1) provides that the term "discharge for just cause" is defined to include "separation initiated by an employer for falsification of an employment application to obtain employment through subterfuge."

In previously construing Indiana Code section 22-4-15-1(d), this court has provided as follows:

> Determination of just cause is a question of fact. It is conduct evidencing such willful or wanton disregard of the employer's interest as is found in deliberate

4

violations or disregard of standards of behavior which the employer has a right to expect of his employee, or a carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent, or evil design, or to show an intentional or substantial disregard of the employer's interest or of the employee's duties or obligation to his employer.

*Yoldash v. Review Bd. of Ind. Emp't Sec. Div.*, 438 N.E.2d 310, 312 (Ind. Ct. App. 1982) (citation, emphasis, and quotation omitted). No hard-and-fast rule can be fixed defining in precise terms what constitutes such misconduct as to deny an employee unemployment compensation benefits. *Id.* Each case must be determined on its own particular facts. *Id.*

The Review Board found that Van Alstine omitted information from her job application that she knew could potentially influence her ability to obtain employment with Employer. The Review Board concluded that by omitting this information, Van Alstine "falsifi[ed] an employment application to obtain employment through subterfuge." Appealed Order, p. 2 (brackets in original). In light of these findings and conclusions, the Review Board determined that Van Alstine was discharged for just cause.

In challenging the Review Board's denial of her claim for unemployment benefits, Van Alstine admits that she did not include her prior employment at Bashor Children's Home on her employment application. Van Alstine, however, claims that the Review Board's factual findings are not supported by the record. We disagree.

Employer's representative testified that after learning of Van Alstine's former employment at Bashor Children's Home, Employer verified Van Alstine's former employment and reviewed her employment data from that employer. Employer's representative further testified that Van Alstine's employment was subsequently terminated

5

after Employer determined that she had omitted her prior employment at Bashor Children's Home, which was determined to be a relevant prior employer, from the employment history section of her employment application. In light of the testimony of Employer's representative, we conclude that the Review Board's determination that Van Alstine's employment was terminated for just cause was reasonable as it was supported by sufficient evidence in the record. Van Alstine's argument to the contrary effectively amounts to a request that we reweigh the evidence and reassess witness credibility, which we will not do. *See Value World*, 927 N.E.2d at 948.

The judgment of the Review Board is affirmed.

RILEY, J., and BROWN, J., concur.