# FOR PUBLICATION

APPELLANT *PRO SE*:

**TAMMY PRICE**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
REVIEW BOARD OF THE INDIANA
DEPARTMENT OF WORKFORCE
DEVELOPMENT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TAMMY PRICE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1304-EX-369 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT and WC FERN | ) | |
| EXPOSITION SERVICES, | ) | |
| | ) | |
| Appellees. | ) | |

**FILED**

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPEAL FROM THE REVIEW BOARD OF THE DEPARTMENT
OF WORKFORCE DEVELOPMENT
Cause Nos. 13-R-830, 13-R-831

**November 13, 2013**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

Appellant Tammy Price has been employed as a part-time employee by George Fern Exposition & Event Services ("Employer") since October of 1991. Due to the nature of her work with Employer, Price would occasionally go through short periods of unemployment. During these periods of unemployment, Price would apply for unemployment compensation benefits. In the instant matter, Price appeals from the denial of unemployment compensation benefits during two alleged periods of unemployment by the Review Board of the Indiana Department of Workforce Development ("Review Board"). Concluding that Price has failed to establish that she was unemployed, *i.e.*, that she earned no remuneration because of a lack of available work, during the periods in question, we affirm.

## FACTS AND PROCEDURAL HISTORY

Price has been employed as a part-time employee by Employer since October of 1991. Through her employment with Employer, Price worked on an as-needed basis in the field of event services. Due to the nature of her work with Employer, Price would periodically go through short periods of unemployment. During these periods of unemployment, Price would apply for unemployment compensation benefits.

At some point during two alleged periods of unemployment, Price filed two separate claims for unemployment compensation benefits.[1] The first claim, filed under Cause Number 13-R-830 ("Cause No. 830"), related to a period that included the week ending November 26,

---

[1] Cause No. 830 lists Employer listed as the employer. Cause No. 831 lists United Temps as the employer. Price explained during the evidentiary hearings that Employer has been her employer at all times since October of 1991, but that United Temps was listed as her employer in Cause No. 831 because United Temps handled payroll for Employer. The testimony was similar in both hearings and the exhibits identical,

2

2011. The second claim, filed under Cause Number 13-R-831 ("Cause No. 831"), related to a period that included the week ending July 7, 2012. On November 16, 2012, a claims deputy of the Indiana Department of Workforce Development determined that Price was not unemployed as of either the week ending November 26, 2011, or the week ending July 7, 2012, and was therefore ineligible to receive unemployment compensation benefits for either period. Price appealed these determinations.

On February 6, 2013, an Administrative Law Judge ("ALJ") conducted two separate hearings on the matters. On February 8, 2013, the ALJ issued two orders affirming the determinations of the claims deputy. With respect to Cause No. 830, the ALJ found as follows:

> **FINDINGS OF FACT:** The claimant has been working her usual customary hours for this employer since 1991. The claimant is employed by an event services company as a temporary event worker. The claimant has not been laid off from work as the claimant is working on an as-needed basis. The claimant has worked at this job for greater than twenty six weeks as of the week ending November 26, 2011; this employer is the claimant's primary employer. The claimant does not have regular hours. The [ALJ] finds that the claimant is on an as needed, part-time basis at her regular employer and has been employed in that manner since 1991. The [ALJ] finds that the claimant is unemployed only during those weeks in which she earned no remuneration from work because of a lack of available work. The claimant could not show which weeks during the period covered by this determination that she had no remuneration because of a lack of work.
> **CONCLUSIONS OF LAW:** The [ALJ] concludes that the clamant is not unemployed. The [ALJ] concludes that the claimant worked for this employer for more than twenty six weeks on a part-time as needed basis and the claimant was working her usual and customary hours. The [ALJ] concludes that the claimant is not entitled to benefits as the claimant is not partially unemployed, part-totally unemployed, or unemployed….
> **DECISION:** The initial determination of the deputy is affirmed. The

with the exceptions that the employers listed were different.

claimant's benefit rights are suspended the week ending November 26, 2011. The claimant is entitled to benefits only during weeks in which she had no remuneration payable to her because of lack of available work, if otherwise eligible.

Cause No. 830 Tr. pp. 42-43. With respect to Cause No. 831, the ALJ found as follows:

> **FINDINGS OF FACT:** The claimant has been working her usual customary hours for her employer since 1991. The listed employer is a co-employer providing payroll services. The claimant is employed by an event services company as a temporary event worker. The claimant has not been laid off from work as the claimant is working on an as-needed basis. The claimant has worked at this job for greater than twenty six weeks at the claimant's primary employer as of the week ending July 7, 2012. The claimant does not have regular hours. The [ALJ] finds that the claimant is on an as needed, part-time basis at her regular employer and has been employed in that manner since 1991. The [ALJ] finds that the claimant is unemployed only during those weeks in which she earned no remuneration from work because of a lack of available work. The claimant could not show which weeks during the period covered by this determination that she had no remuneration because of a lack of work.
> **CONCLUSIONS OF LAW:** The [ALJ] concludes that the clamant is not unemployed. The [ALJ] concludes that the claimant worked for this employer for more than twenty six weeks on a part-time as needed basis and the claimant was working her usual and customary hours. The [ALJ] concludes that the claimant is not entitled to benefits as the claimant is not partially unemployed, part-totally unemployed, or unemployed....
> **DECISION:** The initial determination of the deputy is affirmed. The claimant's benefit rights are suspended the week ending July 7, 2012. The claimant is entitled to benefits only during weeks in which she had no remuneration payable to her because of lack of available work, if otherwise eligible.

Cause No. 831 Tr. pp. 39-40.

On February 25, 2013, Price appealed the determinations of the ALJ to the Review Board. Price also requested permission to submit additional evidence to the Review Board.

On March 26, 2013, the Review Board affirmed the ALJ's determinations, finding that Price was not unemployed during the relevant periods and, as such, was ineligible for

4

unemployment compensation benefits. This appeal follows.

## DISCUSSION AND DECISION

### I. Standard of Review

On judicial review of an unemployment compensation proceeding, we determine whether the decision of the Review Board is reasonable in light of its findings. *Value World Inc. of Ind. v. Review Bd. of Ind. Unemp't Dep't of Workforce Dev.*, 927 N.E.2d 945, 947 (Ind. Ct. App. 2010). We are bound by the Review Board's resolution of all factual matters; thus, we neither reweigh evidence nor reassess witness credibility. *Id*. at 948. Rather, we consider only the evidence most favorable to the Review Board's decision and the reasonable inferences to be drawn therefrom, and if there is substantial evidence of probative value to support the Review Board's conclusion, it will not be set aside. *Id*. When, however, an appeal involves a question of law, we are not bound by the agency's interpretation of law, and we will reverse a decision if the Review Board incorrectly interprets a statute. *Id*.

### II. Review Board's Alleged Failure to Consider Additional Evidence

In the "Statement of the Issues" section of Price's brief on appeal, Price contends that the Review Board abused its discretion when it declined to accept additional evidence. Appellant's Br. p. 1. Price, however, does not develop this contention further. Her brief is devoid of any cogent argument relating to or citation to relevant authority in support of this contention. As such, Price has waived this claim for appellate review. *See* Ind. Appellate Rule 46(A)(8) (requiring that contentions in an appellant's brief be supported by cogent reasoning and citations to relevant authority); *Cooper v. State*, 854 N.E.2d 831, 834 n.1 (Ind.

2006) (providing that a contention is waived when it is supported neither by cogent argument nor citation to authority); *Davis v. State*, 835 N.E.2d 1102, 1113 (Ind. Ct. App. 2005) (observing that failure to present a cogent argument or citation to authority constitutes waiver of issue for appellate review), *trans. denied*.

### III. Sufficiency of Evidence to Suspend Benefits

Price also contends that the Review Board's denial of unemployment compensation benefits was not supported by sufficient evidence. In denying Price's claim for unemployment compensation benefits for the weeks ending November 26, 2011, and July 7, 2012, the Review Board adopted the ALJ's determination that Price failed to establish that she was unemployed during these periods. "It is well established in Indiana that in order to collect [unemployment compensation] benefits … the claimant must be unemployed." *Pope v. Wabash Valley Human Servs., Inc.*, 500 N.E.2d 209, 211 (Ind. Ct. App. 1986). Indiana Code section 22-4-3-3 provides that an individual is not unemployed for any week in which the individual "(1) is regularly and customarily employed on an on call or as needed basis; and (2) has: (A) remuneration for personal services payable to the individual; or (B) work available from the individual's on-call or as needed employer."

Price concedes that she has been employed by Employer on an as needed basis since October of 1991. While Price claims that she "only files [for unemployment benefits] on weeks she is laid off and has never filed for benefits when she works," Appellant's Br. p. 6, Price presented no evidence before the ALJ that verified the specific periods during which she did not receive remuneration for personal services or during which there was no work

6

available from Employer.  Price, therefore, has failed to demonstrate that she received no remuneration because of a lack of available work during the relevant periods for which she requested unemployment benefits.  Consequently, we conclude that the record supports the Review Board's determination that Price was not unemployed during the relevant periods. Price's claim to the contrary amounts to an invitation to reweigh the evidence, which we will not do.  *See Value World*, 927 N.E.2d at 948.

The judgment of the Review Board is affirmed.

BAILEY, J., and MAY, J., concur.