## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 06 2017, 7:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Deputy Public Defender
Anthony S. Churchward, PC
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

April M. Camos,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 6, 2017

Court of Appeals Case No.
02A05-1610-CR-2492

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D06-1503-F2-6

**May, Judge.**

[1] April M. Camos appeals her seventeen-year aggregate sentence for one count of Level 2 felony dealing in cocaine or narcotic drug,[1] four counts of Level 4 felony dealing in cocaine or narcotic drug,[2] and one count of Level 6 felony maintaining a common nuisance.[3] Camos argues her sentence is inappropriate based on her character and the nature of her offenses. We affirm.

## Facts and Procedural History

[2] On October 1, 2014, a confidential informant ("CI") working with Detective Gutierrez of the Fort Wayne Police Department went to the home of Camos' boyfriend, Thomas Perez, to buy cocaine. Camos measured out 1.4 grams, which Perez handed to the CI. Again, on October 9, 2014, the CI returned to Perez's home where Camos measured out 1.4 grams of cocaine, which Perez sold to the CI. Later that day, Detective Gutierrez presented the CI with a six-person photo array from which the CI positively identified Perez as the man who sold the CI cocaine. Detective Gutierrez conducted a background check on Perez and discovered Camos listed as a possible associate.

[3] On October 31, 2014, Detective Gutierrez presented the CI with a six-person photo array that included a photograph of Camos. The CI positively identified Camos as the person who assisted Perez during the two cocaine sales. On

---

[1] Ind. Code § 35-48-4-1(e) (2014).

[2] Ind. Code § 35-48-4-1(c) (2014).

[3] Ind. Code § 35-48-4-13 (2014).

November 7, 2014, the CI arranged to meet Camos to buy directly from her. At the agreed location, Camos entered the CI's car and sold the CI 1.2 grams of cocaine. On December 3, 2014, Camos pulled from her bra a bag containing 2.2 grams of cocaine, which, as before, she handed to Perez to sell to the CI. On January 29 and February 12, 2015, the CI performed two more controlled cocaine buys at which Camos was present.

[4]  Finally, on March 6, 2015, the Fort Wayne Police Department executed a search warrant on Camos' apartment. Police found approximately 5.5 grams of cocaine, a digital scale with cocaine residue, various other drug paraphernalia, Camos' Indiana identification card, and mail addressed to Camos. Camos' apartment is approximately 264 feet from Horizon Christian Academy, a school for grades Pre-Kindergarten through twelve. School was in session during the February 12 cocaine deal and the March 6 search warrant execution. Officers arrested Camos and read her Miranda rights to her. She subsequently admitted dealing cocaine in the months prior to her arrest and being a minimal cocaine user.

[5]  Camos was charged with one count of Level 2 felony dealing in cocaine, four counts of Level 4 felony dealing in cocaine, and one count of Level 6 felony maintaining a common nuisance. On March 30, 2015, she pled guilty to all charges in exchange for acceptance into the drug court diversion program, for which successful completion would result in dismissal of all charges.

[6] During Camos' time in the diversion program, she committed several program violations that "were not conducive to her recovery." (Sent. Tr. at 8.) These violations included: testing positive for alcohol on one occasion, testing positive for cocaine on one occasion, giving a diluted urine sample, missing three drug screens, and being dismissed from two transitional living facilities. Program violations resulted in Camos being sanctioned with community service, an essay, and on multiple occasions, jail time. Eventually, Camos was dismissed from participation in the diversion program for failing to follow the program's rules.

[7] At her sentencing hearing on September 27, 2016, Camos presented several mitigating factors: her lack of criminal history, her early introduction to drug use, her compliance with some of the diversion program rules, her sobriety for nearly eleven months, her three dependent children, her full-time employment during most of the program, and her acceptance of responsibility for her actions. In addition, Camos expressed her remorse for not complying with the program's rules, and she thanked the court for her opportunity, stating "I'm disappointed in myself for not completing your program, because . . . that was something I really wanted was to finish this [sic] and I didn't." (*Id.* at 10.) Aggravating factors included the nature and circumstances of her offenses and her failure to rehabilitate. She was sentenced to seventeen years for the Level 2 felony, six years for each of the Level 4 felonies, one year for the Level 6 felony. All sentences were ordered served concurrently for an aggregate sentence of

seventeen years, with ten years executed, seven years suspended, and two years on probation.

# Discussion and Decision

[8] Camos argues her sentence is inappropriate under Indiana Appellate Rule 7(B).[4] Under Appellate Rule 7(B), we may revise a sentence if, after due consideration of the trial court's decision, we find the sentence inappropriate in

---

[4] In the midst of her argument based on Appellate Rule 7(B), Camos suggests the trial court found improper aggravators. However, the finding of aggravators is an issue we review for an abuse of discretion and is an argument distinct from the appropriateness of a sentence under Appellate Rule 7(B). *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008) ("As our Supreme Court has made clear, inappropriate sentence and abuse of discretion claims are to be analyzed separately."). Under Ind. Appellate Rule 46(A)(8), Camos' mention of improper aggravators is inadequate to constitute the cogent argument required to avoid waiver of an issue on appeal. *See Price v. Review Bd. of Ind. Dept. of Workforce Dev.*, 2 N.E.3d 13, 16-17 (Ind. Ct. App. 2013) (Appellant's lack of cogent argument waived claim for appellate review). Accordingly, Camos has waived any such argument. *See id*. at 16. Waiver notwithstanding, any such argument would have been unsuccessful.

Camos argues the trial court erred in finding aggravating circumstances surrounding Camos' offenses. "The trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence." *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (2007). We review those findings for an abuse of discretion. *Id.* Here the trial court found as aggravators the nature and circumstances of the crimes and Camos' failed efforts at rehabilitation through the drug court program, and those aggravators are supported by the record. As for circumstances of the crimes, Camos sold and helped sell cocaine multiple times to a CI, and she admitted she had been dealing cocaine in the few months prior to her arrest and was a minimal cocaine user. Regarding her failed efforts at rehabilitation, Camos was given multiple opportunities during the diversion program to correct her behavior and "get [her] life together." (Sent. Tr. at 11.) As the aggravators were "reasonable, probable, and actual deductions to be drawn" from the record, we see no abuse of discretion in the finding of those aggravating circumstances. *See Smith v. State*, 929 N.E.2d 255, 258 (Ind. Ct. App. 2010) (trial court did not abuse its discretion when aggravators supported by the record), *trans. denied*.

Camos also argues the trial court did not give proper mitigating value to her lack of criminal history, her plea of guilty, or her expressed remorse. "The relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse." *Anglemyer*, 868 N.E.2d at 491. Accordingly, we cannot review for abuse of discretion the weight the trial court gave to these mitigating factors put forward by Camos.

light of the nature of the offense and the character of the offender. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (2007). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). We defer to the trial court's decision, and our goal is to determine whether the defendant's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012), *reh'g denied*. Camos, as the defendant, bears the burden of demonstrating her sentence is inappropriate. *See Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[9] When considering the nature of the offense, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer*, 868 N.E.2d at 494. The advisory sentence for a Level 2 felony is 17½ years, with the range being 10 to 30 years. Ind. Code § 35-50-2-4.5 (2014). For a Level 4 felony, the advisory sentence is 6 years, and the range is 2 to 12 years. Ind. Code § 35-50-2-5.5 (2014). The advisory sentence for a Level 6 felony is 1½ years, with a range of 6 months to 3 years. Ind. Code § 35-50-2-7 (2014). For her Level 2 felony, Camos was sentenced to seventeen years, which is less than the advisory for a Level 2 felony. She received the six-year advisory sentence for each Level 4 felony, and she received one year for her Level 6 felony, which is below the advisory for Level 6 felony. Because the court imposed concurrent sentences, Camos received an aggregate sentence that is shorter than the advisory sentence for her most-serious offense. In light of the fact that her offenses involved

multiple cocaine sales to a CI, including one within approximately 264 feet of a school around noon on a school day, we see nothing inappropriate about her seventeen-year sentence.

[10] Regarding Camos' character, the trial court noted her lack of prior criminal history, her guilty plea, and her expressed remorse for not completing the diversion program. When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson*, 986 N.E.2d at 857. The significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the offense. *Id.* Camos' convictions for dealing cocaine are her first convictions, but she admitted using illegal drugs since she was a teenager. While the trial court acknowledged her lack of prior criminal history, the trial court also noted her failure to correct her behavior despite being given multiple opportunities in the diversion program.

[11] Camos possessed and sold drugs near a school, during a time when children were likely to be attending. She chose to continually break the diversion programs rules and failed to be rehabilitated. While this proceeding produced her first conviction, it also resulted in six convictions, including a Level 2 felony, and Camos has admittedly been engaged in illegal activities for several years. Her seventeen-year sentence is not inappropriate in light of her character and the nature of the offenses.

# Conclusion

As Camos has failed to demonstrate her sentence is inappropriate based on the nature of her offenses and her character, we affirm.

Affirmed.

Brown, J., and Pyle, J., concur.